### Levi Griffith v. The State.

#### No. 1245.          Decided June 21, 1911.

**1.—Burglary—Continuance—Particeps Criminis.**

The testimony of an absent witness must be in such condition that it can be forced from him as expected to be proved by the application for continuance, and where the absent witnesses were particeps criminis and had fled the country, and besides there was no diligence in procuring their testimony, there was no error in overruling the application.

**2.—Same—Charge of Court—Night Burglary.**

Where, upon trial of burglary by night, the court correctly defined this offense and applied the law to the facts there was no error.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial for burglary, the evidence sustained the conviction, there was no reversible error.

Appeal from the District Court of Rusk. Tried below before the Hon. W. C. Buford.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

When the case was called for trial application for continuance was made on account of the absence of the witnesses John Johnson and Chester Smith. The case was postponed several days, and when again called for trial another application was made for continuance. This we believe would be a second application, and it was so treated by the appellant in making the application, and by the court in passing upon it. The application on its face shows that it was neither signed by the appellant or sworn to. It was stated, however, in the bill of exception that it was duly sworn to. The materiality of the testimony

of the absent witnesses is in substance as follows: That the absent witnesses were expected to testify that they burglarized the house and stole the cotton, and that they made statements in the presence of numerous persons that they had so burglarized the house and committed theft of the cotton, and that appellant had nothing to do with the transaction. The house burglarized was an unoccupied house in which the alleged owner had stored some seed cotton. Sometime during Tuesday night someone broke and entered this house and carried away a lot of the cotton.

While the case is one of circumstantial evidence, yet the facts are sufficiently strong to show that whoever took the cotton used the hack owned by appellant. The facts and circumstances show this with a considerable degree of certainty. One or two wheels on the hack of appellant was wrapped with wire, and the tracks of the vehicle that went to and from the burglarized house showed that one or two of the wheels were wrapped with wire. Appellant had a couple of small mules. The animals that were hitched to the hack, from the tracks, were small mules. The tracks of the mules of appellant were shown to be of the same size and character as those that were driven to the vehicle that carried the cotton from the burglarized house. The statement, in substance, of the absent witnesses, is to the effect that they got the cotton and used appellant's team and hack in hauling it away. This was fully shown on the trial.

It is contended by the assistant attorney-general that if the witnesses were present they would not testify—at least, could not be compelled to testify—to their own criminality, and it is not probable that they would do so. Of course they could not be forced to testify to the fact that they committed the burglary. Therefore, we are of opinion that, viewed from this standpoint, the court did not commit error in overruling this application. The testimony of an absent witness must be in such condition, as we understand our law, that it could be forced from the witness as expected to be proved, as shown by the application for continuance. As to whether they would swear it or not is speculative entirely, with bare probability of their testifying as expected. It is further shown that the witnesses left the country, and stated they intended to do so, and evidently for the purpose of not returning. It is further shown that appellant knew of these statements or admissions of the absent witnesses and had kept that matter practically secret. One of them was a relative of appellant, and a boy whom he had practically raised. It was the contention of the State during the trial that, on account of these matters and circumstances, that appellant had secured these statements, which he denied, however, and, as the term of court approached, had them to leave the country with a view of using their statements as a means of evading a conviction. Taking these matters all in all, we are of opinion that the court did not err in refusing the application for a continuance, especially when the application is viewed from the view-

point of the motion for new trial. The absent witnesses were at appellant's house the night of the burglary, and used his hack and mules in going to the house and hauling the cotton from it, as their statements introduced show. Therefore, we are of opinion that the court was not in error in refusing to continue the case in the first instance, and in overruling the motion for a new trial from this standpoint in the second place.

That portion of the court's charge is criticised which used the following language: "Burglary is constituted by entering a house by force at night with the intent of committing the crime of theft." The criticism is that the evidence introduced by the State did not show this was a night-time burglary, but on the contrary, did show the house was burglarized between daylight Tuesday morning and daylight Wednesday morning following, thereby leaving it uncertain that if said house was burglarized whether it was done during the day or at night. We do not think there is any merit in this criticism. This was a general statement in regard to what a burglary at night-time was or what it took to constitute night-time burglary. It is a proper definition of entry at night, even though the evidence did not sustain the night-time burglary. Of course, if the facts do not show a night-time burglary, the State would not be entitled to a conviction; and if there were no facts in the case which justified the submission of that issue, a charge of this sort should not be given. The case, viewed from the standpoint of the evidence, fully justifies the court charging on night-time burglary, and the jury in finding that the burglary was at night, Defendant's testimony, and the statements of the absent witnesses, show that the offense was at night. Appellant was awake until something like nine o'clock. The two absent witnesses were at his house at the time, as was his hack and team. The statements of the absent witnesses were to the effect that they took the team without the knowledge of appellant, and went to the house that night and got the cotton. The other evidence in the case shows that it was a fresh track, and would lead to the conclusion that it was made during Tuesday night. We are of opinion there is no merit in appellant's contention.

It is contended the evidence is not sufficient. That a burglary of the house and theft of the cotton was committed as a consequence of that burglary, is beyond any question. We think it is proved beyond any reasonable doubt that the burglary committed was during Tuesday night. The only question which occurs to us worthy of discussion is as to whether or not appellant committed the burglary. He swears he did not. The admission and confession of Johnson and Smith were put before the jury, that they committed the burglary, and appellant had nothing to do with it. They were in position to have committed the burglary, as was appellant; they had all the opportunities for committing the crime that appellant had. They were at appellant's house, and therefore in the same proximity to the scene of the burglary as was appellant. It seems to be beyond reasonable controversy

that whoever committed the burglary used appellant's team and vehicle. The track of one person was found which exactly corresponded with that of the appellant. It showed the same size and character of shoe that appellant had. There is some evidence that another track was seen, which was a barefoot track. The owner of the house testified that he was down early in the morning, along about daylight, at the burglarized house, and was barefooted. His testimony is thus stated: "It was not good daylight in the morning when I went to the cotton house and found that it was burglarized, and I was barefooted at that time, and when I first went there there was no other person but me. The house was about a quarter of a mile from my house, and I was there Tuesday morning, and also Monday morning, and was barefooted those mornings." He also stated that he went to the residence of appellant barefooted. This accounts for the barefoot tracks at the burglarized house. So far as tracks are concerned, then we have the track of only one man at the burglarized house except the barefooted tracks of the owner. The shoe track was that of a shoe which made the same size and character of track as the shoe owned by appellant. This would tend to discredit and disprove the statements of the two absent witnesses that they committed the burglary. There was also a sack of cotton found at appellant's house which was shown to correspond with that taken from the burglarized house, being the same kind of cotton. If the jury believed that the two absent witnesses committed the burglary and theft they should have acquitted appellant, unless they should believe that he was a principal in the transaction; but under this evidence we are of opinion that the jury were justified in concluding that appellant himself committed the burglary. Therefore we would not feel justified in reversing the judgment for this reason.

Finding no error of such importance as would require a reversal of the judgment, we order that it be affirmed.

*Affirmed.*