Scotty Ferguson v. The State.

No. 8715.     Delivered October 7, 1925.

Rehearing Denied November 11, 1925.

1.—Manslaughter—Continuance—Diligence Not Sufficient—Properly Refused.

Where on a trial for manslaughter, the cause having been previously tried and appealed, and a reversal had, a motion for a subsequent continuance on account of absent witnesses, some of whom were present, and not used on the former trial, and some of whom were only summoned to appear at the last trial, though residents of the county and known to appellant, and the facts expected to be proven by them necessarily known to appellant at the former trial, diligence is lacking, and. the continuance was properly refused.

2.—Same—Evidence—Prejudice Against Deceased—Admissible.

It is a long and well settled rule in this state, that a witness introduced upon the trial by appellant, and who testifies in his behalf may be shown, to have ill will, or to be prejudiced against the deceased. See Sec. 162, Branch's Ann P. C. for collation of authorities.

**3.—Same—Evidence—Held, Properly Excluded.**

Where appellant, in an effort to rebut .evidence that his witness Cartei was prejudiced against deceased, offered to prove the action of a mass meeting of the citizens of Mexia, relative to deceased, such testimony was properly excluded, it not being shown that the action of such mass meeting created the prejudice of the witness against the deceased. In any event, appellant's bill failing to disclose what he expected to prove in reference to such mass meeting, presents no error.

**4.—Same—Bill of Exception—Unintelligible—Not Considered.**

Where a bill of exception refers to "recommendations," and "charges." and "evidence adduced on cross-examination by the state" none of which are set out in the bill, this court has no means of discovering what the complaint is directed toward, and cannot therefore pass upon the questions sought to be presented in such bill.

**5.—Same—Evidence—Impeaching Witness—Held, not Improper.**

A witness can always be impeached by showing that he has been convicted of a felony, and where evidence is presented that a witness has been charged in the Federal Court with the possession of intoxicating liquor, unless it be shown that such charge was for a first offense, and therefore not a felony, such evidence is properly received.

ON REHEARING.

**6.—Same—Continuance—Supplemental Application—Properly Overruled.**

Where a subsequent application for a continuance was presented upon the instant trial, and overruled, and a supplemental motion presented, on account of the absence of the witness Allen, who had been previously subpoenaed, but not used as a witness, it being averred that such witness was out of the state, we do not believe that the diligence used to secure the attendance of said witness was sufficient, and especially so in view of the long period of time since the returning of the indictment, and the former trial.

**7.—Same—Evidence—Hearsay—Properly Excluded.**

Where on cross-examination of a defense witness Carter, he admitted that he had been discharged as a peace officer because of charges made against him, and on re-direct examination he was permitted to testify that he had been recommended for reinstatement, there was no error in excluding the written instrument which contained the recommendation for his reinstatement together with the signatures thereon, such writing being hearsay statement of third parties.

Appeal from the District Court of Limestone County.   Tried below before the Hon. A. M. Blackmon, Judge.

Appeal from a conviction of manslaughter; penalty, five years in the penitentiary.

This is the second appeal of this case.   See 253 S. W., 290.   The facts are sufficiently stated in the former opinion.

*O. F. Watkins,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Limestone County of manslaughter, and his punishment fixed at five years in the penitentiary.

This is the second appeal of this case. See 253 S. W. Rep. 290. The facts are sufficiently stated in the former opinion.

There are seven bills of exception. We are not informed by the bill complaining of the refusal of a continuance, how many prior applications had been presented, but it is not claimed that this was a first application. The bill taken to its refusal is qualified by the trial judge who states that three of the absent witnesses were present at a former term and were not used. There appears no sufficient showing of diligence as to the other three witnesses. Complaint is also made of the refusal of a supplemental application. This bill is also qualified by a statement that at a former trial the absent witness, Allen, was neither summoned nor called to appear as a witness, though a resident of the county. The facts stated as expected were necessarily known to appellant,—and as material at said former trial as at any subsequent time. Diligence is lacking.

Any facts and circumstances showing ill-will and prejudice of a witness for the defense against the deceased are admissible. See authorities collated in Sec. 162, Branch's Annotated P. C.

The fourth bill of exceptions shows no error. The question therein shown to have been propounded to defense witness, Carter, with reference to the action of a mass meeting of the citizens of Mexia and what they did and said relative to deceased, was not admissible and could not rebut the inference of prejudice on the part of said witness Carter, arising from other facts in evidence. The court further qualifies the bill by stating that no information was given him as to those matters set out in the bill of exceptions as the "further testimony" of said witness, had he been permitted to answer said question.

Bill of exceptions No. 6, is unintelligible. It refers to "recommendations" and "charges" and "evidence adduced on cross-examination by the State", none of which are set out, and we have no means of knowing if the complaints be well founded.

An offense is classed as a felony in this State when punishment is fixed by statute by confinement in the penitentiary, even though as an alternative. It was not error to admit proof that a defense witness had pleaded guilty to possession of intoxicating liquor in the Federal court, he having admitted on oral examination that he had been charged with said offense but claimed that it had been dismissed, there being nothing in the record showing it to be a first offense, and the punishment for such offense being fixed in the alternative at confinement in the Federal penitentiary.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*

MORROW, PRESIDING JUDGE.—Upon the call of his case, appellant made a motion for a continuance which fails to show whether it was the first or subsequent application. Under the circumstances, it would be regarded as a subsequent application. After it was overruled, as shown by the original opinion, he presented what is denominated a supplemental application. This, under the law, would be treated as another application for a continuance and an additional or subsequent application. It was to secure the testimony of the witness, Sam Allen. It is alleged that Allen was subpoenaed on the 15th day of October, 1923. He was a resident of Limestone County, and the motion recites that the "witness is at present in the State of Indiana, which fact has just now become known to the defendant." Why it was not previously known is not explained. The witness, according to the motion, had been city marshal of one of the towns of Limestone County. The record on the former appeal (253 S. W. Rep. 291) indicates that Allen was present but was not used as a witness. It appears from the former record that Allen was a witness to a communication of the appellant of threats against him made by the deceased. If Allen's absence was known to the appellant and he desired to use him as a witness, he should have been included in the application for a continuance at the present trial. If his absence from the State was unknown at that time, the subsequent application, denominated as a supplemental application, should have contained an averment exempting the appellant from lack of diligence in failing to discover the absence of Allen. The mere statement that he had used diligence, under the circumstances detailed, is deemed inadequate. In overruling the so-called supplemental motion for a continuance, the trial court, in our opinion, did not abuse his discretion.

There is no error shown by Bill No. 4, embracing a complaint with reference to the rejection of certain purported evidence to which the witness Carter would have testified, for the reason that the bill shows that the court simply sustained the objection to a question propounded, which he deemed improper, which question is not set out in the bill, the court stating that he was given no intimation and had no knowledge of what testimony the appellant expected to elicit. Certainly, the court could not be held in error for sustaining objection to a question when, neither by the form or the question or by the statement of the accused or his counsel, the court was given knowledge as to the purport of the answer expected. We will add that we are unable to perceive from the bill the relevancy of the evidence that a mass meeting of citizens had requested that the deceased vacate his office. However, if admissible, the bill fails to show error for the reasons above stated.

101 T. C.—43.

Bill No. 5 complains that the witness Carter, on cross-examination by State's counsel, admitted that he had been discharged as a peace officer because of charges made against him. The appellant sought to prove by him on re-direct examination that had subsequently been recommended for reinstatement in a written paper signed by the various persons, whom he named in the bill. The court, in qualifying the bill, states that he allowed the proof that the recommendation had been made, but excluded the written document. The importance of the matter is not perceived for the reason that the bill fails to show the materiality of the reinstatement of Carter in that it fails to disclose that Carter gave testimony material to the appellant. Assuming that Carter was a material witness, we think no error is apparent in the exclusion of a written statement of third parties. Especially is this true since the contents of the written statement is not given save that it was a recommendation of the witness purporting to bear the signature of certain named persons. As we understand the bill as qualified, that much was admitted in evidence. The recitals in the statement, if any, touching the reasons for making the recommendation would have been hearsay. If such reasons were material or relevant, the person who signed the statement have been called as a witness to prove them.

Bill No. 6 fails to show error in excluding the proffered testimony of E. L. Carter to the effect that his retirement was occasioned by the condition of his health. The bill is bare of the surrounding facts showing the relation of Carter or the relation of the testimony to the trial.

The bill complaining of the receipt in evidence of proof that E. L. Carter had been convicted for violation of the United States law against the unlawful possession of intoxicating liquor does not, in the opinion of the writer, reveal error. The bill is silent touching the relation of Carter to the accused, and in that particular fails to inform this court of the manner in which the appellant would have been injured by the impeachment of Carter. Aside from that phase of the matter, however, it does appear that Carter was convicted of an offense which, under the law of the United States, would be a felony under some circumstances. The bill, as qualified, shows that Carter had admitted that he was under indictment for violation of the Federal prohibition law. This seems to have been received without objection. However, as stated in the original opinion, the offense of which he was charged and convicted being one which, under some circumstances the Federal law, denounced as a felony, this court would not be warranted in holding that the trial court was in error in receiving evidence of it for the purpose of impeachment unless it be made to appear in the bill that the phase of law with which the witness Carter was charged was a misdemeanor and not a felony. In other words, the familiar rule which presumes the regularity of the

action of the trial court in the absence of a showing in the bill to the contrary would prevail.   See Moore v. State, 7 Tex. Crim. App. 14; Cavanar v. State, 269 S. W., Rep. 1053; Morgan v. State, 82 Tex. Crim. Rep. 615.

The motion for rehearing is overruled.

*Overruled.*