## JIM WILLIAMS V. THE STATE.

### No. 9485.  Delivered November 11, 1925.

### Rehearing denied January 20, 1926.

**1.—Sale of Intoxicating Liquor—Continuance—Properly Denied.**

Where a subsequent application for a continuance fails ·to state the residence of the absent witness, or that his residence was unknown, no error is shown in refusing such application, same not being in compliance with Art. 608 Vernon's C. C. P. Following Thomas v. State, 17 Tex. Crim. App. 437 and other cases cited.

**2.—Same—Continued.**

The said Article of the statute in subdivision 5 thereof provides that the application must state that it is not made for delay. It must also state that the testimony cannot be procured from any other source known to the defendant. These provisions of the statute are mandatory, and not having been complied with by appellant in his motion, there was no error in overruling same. See p. 324, Vernon's C. C. P. for full citation of authorities on this question.

ON REHEARING.

**3.—Same—Allegation and Proof—No Variance Shown.**

Appellant insists on rehearing that the evidence fails to show that the sale was made to each of the parties named in the indictment. It is true that but one of them did the actual physical act of turning over the money to appellant, but the facts and circumstances are amply sufficient to show that in the presence and hearing of the appellant, each of the parties contributed money to the purchase and each of the parties were present and that each of the parties were interested in the purchase, and .no variance is shown.

Appeal from the District Court of Titus County.  Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Hiram G. Brown,* Mt. Pleasant, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Titus County for the offense of selling liquor and his

punishment assessed at confinement in the penitentiary for a term of one year.

Appellant in his brief and oral argument very earnestly contends that the court erred in refusing to grant his subsequent application for a continuance. We have very carefully examined this application and have reached the conclusion that it is entirely insufficient. Art. 608 Vernon's C. C. P. in the first section thereof provides that if the name and residence of the witness is known it must be stated, and if the residence is unknown, this must be stated. The application in this case wholly fails to state the residence of the witness and also fails to state that it is unknown. This within itself renders the application fatally defective. Thomas v. State, 17 Tex. Crim. App. 437; Van Wey v. State, 41 Texas 639; Wolf v. State, Tex. Crim. App. 332; Davis v. State, 154 S. W. 226; Anderson v. State, 8 Tex. Crim. App. 542.

The said article of the statute in the 5th subdivision thereof provides that the application must state that it is not made for delay. This article of the statute has been held to be mandatory. Peck v. State, 5 Tex. Crim. App. 611; Trumwalt v. State, 5 Tex. Crim. App. 521; White v. State, 9 Tex. Crim. App. 41; Wynn v. State, 59 Tex. Crim. Rep. 125; 127 S. W. 213; Johnson v. State, 59 Tex. Crim. Rep. 425; 128 S. W. 1123; Perry v. State, 63 Tex. Crim. Rep. 637; 141 S. W. 209.

The application also fails to state that the testimony can not be procured from any other source known to the defendant. Subdivision one of Art. 609, Vernon's C. C. P. makes this allegation one of the requisites in a subsequent application for a continuance. This provision of the statute has also been held to be mandatory. Page 324 Vernon's C. C. P. for full citation of authorities on this question.

Appellant very earnestly contended in his oral argument that the application should be granted on equitable grounds. We have carefully considered the record and are unable to reach the conclusion that any equitable showing is made for this continuance.

The record contains many bills of exceptions to the charge of the court and to the introduction and exclusion of testimony. We have carefully examined each of these and have reached the conclusion that no error is shown by either of them. In every instance we think that the court's ruling was correct.

We have carefully examined the statement of facts and are thoroughly convinced that if the State's testimony is true, the appellant was guilty under the count submitted to the jury. If

the testimony offered by the appellant had been accepted by the jury they would have been warranted in acquitting him but the issue of fact was clearly drawn in the case and this matter was properly submitted by the court in his charge and we cannot say that the appellant has not been tried according to the forms of law and convicted on sufficient proof.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BERRY, JUDGE.—Appellant contends in his motion that the case should be reversed because the evidence fails to show that the sale was made to each of the parties named in the count of the indictment under which he was convicted. We have again carefully examined this matter and cannot agree with appellant's contention. We think the facts are entirely sufficient to show that the sale was made jointly to the parties named. It is true that but one of them did the actual physical act of turning over the money to the appellant but the facts and circumstances are amply sufficient to show that in the presence and hearing of the appellant each of the parties contributed money to the purchase and each of the parties was present at the time the purchase was made and the appellant knew, if the State's testimony was true, that each of the parties was interested in the purchase.

We do not understand any case to hold that before the proof can show a sale to several parties that it must also show that each of the parties actually handed his pro-rata part of the money to the seller. The proof is sufficient if as in this case it shows that each purchaser contributed his part and was present at the time and place of the sale and that the seller knew that each buyer was contributing money or other thing of value toward the purchase of the liquor.

Believing that the case was correctly decided in the original opinion, the appellant's motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.