## ROY BECKWITH V. THE STATE.

### No. 10183.   Delivered May 26, 1926.

**Aggravated Assault—Continuance—Second Application—Rule Governing.**

Where a second application for a continuance is presented, it must conform to the statute, and state that the defendant has reasonable expectation of procuring the attendance of the witness at the next term of the court. An averment that defendant has reasons to believe that it will be possible to locate said witness by the next term of the court, is not sufficient. The second application must conform strictly to the statute, and nothing is presumed in its favor. See Art. 609, Vernon's C. C. P., Sec. 2. Following Henderson v. State, 5 Tex. Crim. App. 134; Bartlett v. State, 9 Tex. Crim. App. 33.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction of an aggravated assault, penalty a fine of $100 and one year in the county jail.

The opinion states the case.

*Fred E. Young,* and *Umphries, Mood & Clayton,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney for the State.

BERRY, JUDGE.—The offense is an aggravated assault, and the punishment is a fine of $100 and one year in the county jail.

Appellant concedes in his brief that the only question presented which deserves the consideration of this court is concerning the trial court's action in overruling his application for a continuance. The court in approving the bill of exceptions complaining at the overruling of the motion states that this is a second application. Under this statement of the court it is governed by the rule pertaining to subsequent applications. In

subsequent applications it is incumbent upon the appellant to state that the defendant has reasonable expectation of procuring the same at the next term of the court. Section 2, Art. 609, Vernon's C. C. P.

The application does not so state. Instead he merely states that defendant has reason to believe that it will be possible to locate said witness by the next term of this court. The authorities are clear to the effect that a second application must conform strictly to the statute, nothing being presumed in its favor. Henderson v. State, 5 Tex. Crim. App. 134. Barrett v. State, 9 Tex. Crim. App. 33. We think there is a clear distinction between saying that it will be possible to locate a witness by the next term of the court and stating, as the statute requires, that there is a reasonable expectation of procuring the attendance of said witness at the next term of court. The application does not conform to the statute and it was properly overruled. In addition to what has been said we think it is also clear that from the facts stated in the motion itself the absent witness is a transient whose residence is unknown and the location of whom is entirely speculative and problematical.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.