### BILL BRANNAN V. THE STATE.

No. 10943.   Delivered October 26, 1927.

Rehearing granted State November 23, 1927.

Rehearing denied Appellant January 11, 1928.

**1.—Theft—Continuance—Absent Witness—Improperly Refused.**

Where appellant, on trial for theft, requested a continuance on account of the absence of his wife, for whose attendance on the trial due diligence was shown, and in his motion for a new trial attached the affidavit of said witness, the continuance should have been granted, her testimony being corroborative of his own, and of very material character to his defense.

#### ON REHEARING BY STATE.

**2.—Same—Continuance—Second Application—Rule Stated.**

On rehearing the state calls our attention to the fact that the application for a continuance, refused by the trial court, was a second application, and did not contain the statutory requisite demanding an averment that the expected testimony cannot be secured from any other source known to the defendant.

**3.—Same—Continuance—When a Subsequent Application—Rule Stated.** .

Where, on application for a continuance, a postponement is granted, when again called for trial an application for further delay is a subsequent, and not a first application for a continuance, and must conform to the requisite prescribed for subsequent application.   See Griffith v. State, 62 Tex. Crim. Rep. 642, and other cases cited on rehearing by State.

**4.—Same—Continuance—Subsequent Application—Properly Refused.**

On his subsequent application for a continuance, his motion failing to aver that the testimony expected from the absent witness could not be procured from any other source known to appellant, said application was fatally defective, and the trial court properly overruled same.   See Subdivision 1, Art. 544, C. C. P. 1925; Branch's Ann. P. C., notes under Art. 544.

#### ON REHEARING BY APPELLANT.

**5.—Same—Continued.**

On rehearing appellant insists that the absent testimony of his wife, for which he requested a continuance, was proof of an alibi, and was therefore not cumulative.   The defect in his motion was not that the absent

testimony was cumulative, but that he failed to meet the requirements of the statute as to subsequent application for a continuance.

**6.—Same—Continued.**

One of the indispensable statutory requisites prescribed by Art. 544, C. C. P., for subsequent application is that requiring that the expected testimony cannot be secured from any other source known to the defendant. This provision of our statute is mandatory. A second application must conform strictly to the statute, nothing being presumed in its favor. See Henderson v. State, 5 Tex. Crim. App. 134; Barrett v. State, 9 Tex. Crim App. 33; Goode v. State, 37 Tex. Crim. Rep. 232.

Appeal from the District Court of Hill County. Tried below before the Hon. Walter L. Wray, Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

The opinion states the case.

*John E. Clark, Collins & Dupree* of Hillsboro, for appellant.

*William C. Morrow,* County Attorney of Hill County; *Sam D. Stinson,* State's Attorney; *Robert M. Lyles,* Assistant State's Attorney, for the state. On subsequent application for continuance the state cites: Russell v. State, 228 S. W. 949; Fulton v. State, 277 S. W. 652.

LATTIMORE, JUDGE.—Conviction for felony theft, punishment two years in the penitentiary.

Appellant was charged with the theft of two bales of cotton which disappeared from a cotton yard in Abbott, Hill County, Texas, between March 9 and 12, 1926, and were discovered on March 12 at a compress in Waco, some twenty-five miles from Abbott.

Appellant sought a continuance because of the absence of his wife. No question of diligence arises. Complaint of the refusal to continue or postpone the case is made in three bills of exception, neither of which appears to be qualified. The affidavit of the absent witness was attached to the motion for new trial, and its statements accord with the testimony set up in the application as expected from the witness. The court qualifies the bill of exception taken to the refusal of motion for new trial by saying he did not regard the testimony as material or at least sufficiently so as to make it likely that a different result would be obtained if such testimony was present. In this connection we observe that the case was tried at one time when the wife was present, and resulted in a hung jury.

Four men positively identified appellant as the man who brought the two bales of cotton in a trailer attached to a Ford car to a certain compress in Waco on the morning of March 10, 1926, arriving at said place about 7 o'clock as testified to by one of the men, having the cotton weighed about 8:30, as testified by two of the others, and sold at about 9:15 or 9:20, as testified by the fourth man. Three of these men went to Bynum, in Hill County, near which village appellant lived, shortly after the cotton was identified by its owner at the compress. A Mr. Pierce accompanied them and brought appellant from his home down to where these men were waiting. When he came Pierce asked these men if appellant was the man they were looking for. One of the men, a Mr. Green—the man who bought the cotton—said, "No, he is not the man." The others said nothing. Green testified on the trial that appellant was the man, and that he knew he was not telling the truth at the time he said to Mr. Pierce that appellant was not the man. After they declined to identify appellant he got in his car and drove away. These four men, in giving testimony, were asked in reference to some particular matters of dress and testified that appellant had on a rather large hat, a long overcoat, etc., when in Waco with said cotton.

The defense was an alibi and a denial of the guilt generally. Appellant testified that he left his home near Bynum on the 9th of March and drove in a Ford car with a trailer attached to Waco for the purpose of getting some hands to work; that he took the trailer to bring their things back in. He detailed his efforts to find hands during the afternoon of the 9th and produced in evidence a list of names which he said he got from the Chamber of Commerce at Waco. He says he found only one man, and this man could not go with him until the next morning. Appellant testified that he then went to the Exchange Hotel and called his wife over long distance and told her he had not been able to get hands but would get one the next morning. He then further said he went to the Cadillac Hotel, which was a small upstairs place, found a negro porter in charge, got a room from this porter, and spent the night in same. He said the next morning about 7 o'clock he found his man and the man told him he had changed his mind and could not go with him. He then left Waco and drove to Hillsboro, where he ate breakfast at the Sullivan restaurant about 8:30 or 9 o'clock, and then drove home, it being about forty-five miles from Waco to Bynum. He reached home about 10 or 11 o'clock. He said he had on a light white hat and had

no overcoat on the occasion of his going to Waco. He introduced the negro porter at the Cadillac Hotel, who testified positively that appellant came to his place about 8 o'clock on the night of the 9th and that witness assigned him a room, and then himself remained somewhere around the stairs where he could see all persons who went in and came out during the night, and that appellant did not come out until the next morning somewhere in the neighborhood of 7 o'clock. Appellant also introduced Mr. Sullivan who testified he had a restaurant in Hillsboro on the 10th of March and that appellant came to his place and ate breakfast about 8:30 or 9 o'clock, according to his best recollection, on that date. These matters are stated in order that it may appear that the testimony of apellan's wife, if true, was very material. She states in her affidavit that he had no overcoat when he left home, and that he had on a light hat; that he called her up from some place in Waco on the night of the 9th and said the things to her which appellant testified to; also that he came home on the morning of the 10th between 10 and 11 o'clock. We find ourselves unable to escape the conclusion that this testimony was very material to the defense. It had been raining and the roads were muddy. Mr. Green testified that he gave appellant a check or cotton acceptance for the cotton in Waco about 9:15 or 9:20 a. m. The acceptance which was in evidence showed it had been presented and cashed at The Liberty National Bank on the same day. It might be considered a matter of some difficulty for appellant to have received and cashed this check after 9:20 o'clock and to have driven to Hillsboro, some thirty-three or thirty-four miles distance, in time to eat breakfast by 9 o'clock, and then to reach his home near Bynum by 10:30 or 11 o'clock. The weight of such testimony as affecting the guilt or innocence of the defendant is for the jury. The fact that when the wife gave this testimony on a former occasion, the jury declined to convict him, may be looked to as a circumstance. We are of opinion that the trial court should have granted a new trial.

The judgment will be reversed and the cause remanded.

*Reversed and Remanded.*

### ON MOTION FOR REHEARING BY STATE.

HAWKINS, JUDGE.—The state has filed a motion for rehearing calling attention to a matter not discussed in our original

opinion.  An argument in behalf of the state was then on file which presents the point now insisted upon, but it was in a separate document from the brief filed by the state and the document containing the argument was overlooked.

The state insists that the application for continuance—the refusal of which was made the basis of complaint—was in fact a second application for continuance and was fatally defective for having omitted therefrom the statutory requisite demanding an averment that the expected testimony "can not be procured from any other source known to the defendant," hence that the application was properly overruled in the first instance, and being fatally defective formed no basis for complaint when the court overruled the motion for new trial predicated upon denial of the continuance.  The court's explanation upon the various bills shows that this case was filed on the 26th day of March, 1926, and upon a trial had in April following that the jury failed to agree upon a verdict; that it was again called for trial on the 24th day of January, 1927, at which time appellant sought a continuance on account of the absence of his wife.  The court overruled the application for continuance but granted a postponement to January 31, 1927, at which time appellant presented the application for continuance now under investigation, again basing the request upon the absence of his wife, but not averring that her expected testimony could not be procured from any other source.  It is stated in the application that it was appellant's first application.  He doubtless so regarded it, but it has been often held to be a subsequent application under the facts stated.  Griffith v. State, 62 Tex. Crim. Rep. 642, 138 S. W. 1016; Coffee v. State, 82 Tex. Crim. Rep. 57, 198 S. W. 326; Jeffers v. State, 104 Tex. Crim. Rep. 199, 283 S. W. 785; Ferguson v. State, 101 Tex. Crim. Rep. 670, 276 S. W. 919; Williams v. State, 102 Tex. Crim. Rep. 559, 278 S. W. 1103.  In Tinker's case, 99 Tex. Crim. Rep. 369, 269 S. W. 778, it was said:

"The application, being a second request for continuance, is fatally defective in omitting to aver that the testimony expected from the absent witness could not be procured from any other source known to appellant." Subd. 1, Art. 544, C. C. P. (1925).

Such is the holding in Henderson v. State, 5 Tex. Crim. App. 134, where the absent testimony was desired on the question of alibi.  For the requisites of a second or any subsequent application for continuance many authorities are collated under

Sec. 310, Branch's Ann. Tex. P. C., and in the Notes·under Art. 544, Vernon's Ann. Tex. C. C. P., Vol. 1, page 466.

Under the settled law appellant's application for continuance was a second application and fatally defective in omitting one of the statutory requisites. The trial court therefore was justified in overruling it, and the application forms no basis for a complaint in the motion for new trial on account of the denial of the continuance in the first instance. It is apparent from what has been said that we were in error in the original opinion ordering a reversal.

We have examined the bills of exception presenting other questions and find them to be without merit.

From what we have said it follows that the state's motion for rehearing should be granted, the order of reversal be set aside and the judgment of the trial court be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING BY APPELLANT.

MARTIN, JUDGE.—Appellant has filed a motion for rehearing supported by an able and plausible argument to the effect that this court was in error in holding his application for a continuance fatally defective because the rule inhibiting the granting of subsequent applications for cumulative testimony could not apply to evidence relating to the defense of an alibi since this character of testimony has been held to be not cumulative in the legal sense of that word.

Appellant cites the cases of Smythe v. State, 17 Tex. Crim. App. 244; Terry v. State, 272 S. W. 466, and others, which appear to hold that testimony relative to the defense of an alibi is not cumulative.

One of the indispensable statutory requisites prescribed by Art. 544, C. C. P., for subsequent applications is that requiring an averment that the expected testimony "cannot be procured from any other source known to the defendant," and we think this provision is mandatory.

"A second application must conform strictly to the statute, nothing being presumed in its favor." Henderson v. State, 5 Tex. Crim. App. 134. Barrett v. State, 9 Tex. Crim. App. 33.

The Legislature undoubtedly had the right to command the insertion of this averment in subsequent applications and its mandate is binding upon this court. ·

In the câse of Goode v. State, 37 Tex. Crim. Rep. 232, Judge Ramsey, speaking for the court, uses the following language:

"It has also been uniformly held that nothing will be presumed in aid of a second application for a continuance and that strict compliance with all requirements of the statute is essential to its sufficiency  *   *   *   *   It is, of course, a well settled rule that the granting or refusal of subsequent applications for continuance has always · been a matter discretionary with the court."

Believing that the disposition of the case on the state's motion for rehearing was correct, the appellant's motion for rehearing is accordingly overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.