C. A. JOHNSON v. THE STATE.

No. 13020. Delivered February 19, 1930.
Rehearing denied April 9, 1930.
Reported in 26 S. W. (2d) 256.

The opinion states the case.

*R. N. Grisham* and *T. J. Cunningham,* both of Eastland, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manslaughter; the punishment confinement in the penitentiary for five years.

The indictment was returned in Eastland County, alleging that appellant killed John Harris on or about the sixth of February, 1926. A trial had in the district court of Eastland County resulted in a conviction for murder, the punishment being assessed at six years confinement in the penitentiary. Upon appeal to this court, the judgment was reversed. Johnson v. State, 105 Tex. Cr. R. 299. The venue was changed to Callahan County, where a trial resulted in a conviction for manslaughter, the penalty being assessed at five years confinement in the penitentiary. Upon appeal to this court, the judgment was again reversed. Johnson v. State, 8 S. W. (2d) 127. The offense was committed prior to the repeal of the statute defining manslaughter.

Appellant earnestly insists that the evidence is insufficient to support the conviction.

Deceased, John Harris, died as a result of a gunshot wound. The wound was about two inches below the margin of the ribs on the right side and about three and one-half or four inches to the right of the meeting line of the umbilicus. The bullet ranged slightly downward through the bowels to the hip bone on the left side. The doctor making the examination said: "I would say that the bullet traveled practically diagonally across the body." The difficulty resulting in the death of deceased occurred in the room of one Mae Caldwell. Jack Horton, a witness for the state, testified in substance as follows: Entering Mae Caldwell's room, the witness found present deceased, Mae Caldwell and one Dock Elliott. The parties were engaged in playing a graphophone. Appellant entered the room and shook hands with those present. Going to the bed, appellant procured a pistol and pointed it at Dock Elliott saying: "Dock

Elliott, you Mexican-looking s— of a b—, I am going to kill you."
Mae Caldwell ran in between Elliott and appellant. Deceased ran
up and taking hold of her, shoved her out of the way. Whereupon,
appellant shot deceased. Dock Elliott engaged in a fight with appel-
lant in an endeavor to take the pistol away from him. Appellant
shot Elliott three times. Finally Elliott succeeded in securing the
pistol. Appellant and deceased were about the same height. Elliott
was about four inches taller.

There was testimony to the effect that shortly before the homicide,
appellant and deceased had had some unpleasant words. Appellant
had told the witness testifying to this matter that he would "burn
the s— of a b— up."

Appellant offered no testimony. His contention is that the testi-
mony given on cross-examination by the witness Horton, when con-
sidered in connection with the location of the wound, range of the
bullet, the size of the participants and the respective positions they
occupied, leads to the inevitable conclusion that the shot was fired
by Dock Elliott and not by appellant. The jury heard the wit-
nesses testify and saw the witness Horton demonstrate the manner
in which the fatal shot was fired. We are unable to say that they
were not warranted in concluding that appellant fired the fatal
shot.

Appellant filed a second application for a continuance in which
he alleged that many material witnesses, although under process,
were not present in court. The application is fatally defective. It
is not averred therein that appellant had reasonable expectation of
procuring the absent testimony at the next term of court. Again, it
is not stated that the testimony cannot be procured from any other
source known to appellant. Art. 544, C. C. P. reads as follows:

"Subsequent applications for continuance on the part of the de-
fendant shall, in addition to the requisites in the preceding article,
state also: 1. That the testimony cannot be procured from any
other source known to the defendant. 2. That the defendant has
reasonable expectation of procuring the same at the next term of the
court." ·

In Brannan v. State, 1 S. W. (2d) 279, we held fatally defective
a subsequent application for continuance for the failure to aver that
the testimony expected from the absent witness could not be pro-
cured from any other source known to the defendant. Further we
held that such application formed no basis for a complaint in the
motion for a new trial on account of the denial of the continuance in

the first instance. The instant application contained an averment reading as follows: "That the testimony, in the main, of the witnesses hereinabove set forth cannot be procured from any other source known to the defendant." We think there is a clear distinction between saying that the testimony in the main cannot be procured from any other source, and stating, as the statute requires, that the testimony cannot be procured from any other source known to the defendant.

In Beckwith v. State, 284 S. W. 546, it was held that a subsequent application for continuance must conform strictly to the statute, nothing being presumed in its favor. Further, it was held the failure to state that the defendant had reasonable expectation of procuring the absent testimony at the next term renders a subsequent application fatally defective. There was no error in overruling the application.

Other questions presented are deemed without merit. A careful examination of every contention made by appellant leads us to the conclusion that error is not presented.

The trial court sentenced appellant to confinement in the penitentiary for five years. The provisions of the Indeterminate Sentence Law not having been given application, the judgment and sentence are reformed in order that it may be shown that appellant is condemned to confinement in the penitentiary for not less than two nor more than five years.

As reformed, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The case was first tried in Eastland County. (See Johnson v. State, 105 Tex. Cr. R. 299.) On a change of venue it was tried in Callahan County. (See Johnson v. State, 8 S. W. (2d) 127.) Upon its reversal it was again tried in Callahan County. Preliminary to the trial the appellant presented a motion requesting that the case be returned to Eastland County, stating in substance as a reason therefor that the conditions prevailing in that county which impelled the court at the time of the change of venue to remove the cause had ceased. We think the motion was properly overruled.

We do not find any merit in the position advanced that the accused having, under the old statute, been acquitted of murder by the reduction of the offense to manslaughter, is exempt from further prosecution by reason of the enactment of the new murder statute contained in Chapter 274, Acts of the 40th Legislature.

The motion for rehearing is overruled.

*Overruled.*