## Monroe Reynolds v. The State.

No. 13645. Delivered November 5, 1930.
Reported in 32 S. W. (2d) 454.

The opinion states the case.

*B. Jay Jackson* of Cleburne, for appellant.

*Penn J. Jackson,* Co. Atty. of Cleburne, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, one year in the penitentiary.

The incriminating facts proven against appellant are briefly in substance as follows: A collision occurred in Johnson County on a public highway between the car of Judge Hale and a car shown to have belonged to appellant and driven at the time by one Joe Heslip. Heslip testified for the State that he, appellant and others had been over near Glen Rose, that appellant purchased some whisky over there. They brought it back in the car belonging to appellant; that appellant became drunk, that he took the wheel for this reason and that when the collision occurred, some of the occupants of the car ran away to the cedar breaks and some of them stayed at the car. A witness testified that he saw one of the parties carry a package in the direction of the cedar breaks immediately after the collision and that he saw a fruit jar full of whisky on the front seat of appellant's car. Officers the next morning found a package containing four fruit jars of whisky in the direction in which some of the occupants of the car had fled the night before. The parties apparently spent the night in the cedar breaks around a fire. The remains of a fire were discovered not far from the scene of the collision where a fruit jar having the odor of whisky was found.

Among the occupants of the car belonging to appellant at the time of the collision were Red Sanders and George Munds. Appellant filed a second application for a continuance on account of the absence of these two witnesses. Arts. 543 and 544, C. C. P., prescribe the requisites of an application for a continuance. Appellant's application is fatally defective in failing to state (1) that the witnesses were not absent by the procurement or consent of appellant, (2) that the application was not made for delay, and (3) that the appellant had reasonable expectation of procuring the same at the next term of the court. See Vernon's Tex. C. C. P., Arts. 543 and 544, and notes thereunder.

Moreover, the bill is qualified to show that the witness Red Sanders was under indictment for the same offense as appellant and was a fugitive from justice. The court is not called on to continue a case on account of the absence of a witness who is a fugitive from justice. Harris v. State, 8 Tex. Crim. App. 90; Maloney v. State, 43 S. W. 980; Anderson v. State, 53 Tex. Crim. Rep. 344. In addition the facts expected to be proven by these witnesses are stated only as legal conclusions.

The witness Heslip testified against appellant on the trial. In his amended motion for new trial, appellant alleges surprise at this and avers that he has since the trial discovered evidence unknown to him prior thereto, the effect of which was to impeach the witness, both by statements alleged to have been made by him and by proof of his bad character. Such testimony is not ordinarily ground for a new trial and the discretion of the trial court in refusing same when such testimony goes only to discredit or impeach a witness will not be revised on appeal. Branch's P. C., Sec. 202; Gibbs v. State, 1 Tex. Crim. App. 12; White v. State, 177 S. W. 93. In addition it may be said that the order overruling such motion states evidence was heard thereon. Such evidence has not been brought up with the record and we will presume in the absence of same that the trial court had before it sufficient evidence to justify his action. 4 Tex. Jur., Par. 142, and authorities there collated.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.