GORDON WILLIAMS v. THE STATE.

No. 15103. Delivered March 23, 1932.
Rehearing Denied May 4, 1932.

The opinion states the case.

*Starnes & McWhirter,* of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Raymond Manning testified, in substance, that on the 29th of August, 1931, he met appellant in the town of Greenville and arranged to buy a half gallon of whisky from him; that he advised appellant that he would be at the place of business of Ukie Williams, his father-in-law, to receive the liquor; that on the following Sunday appellant came to the place of Ukie Williams in an automobile, and delivered the whisky to him; that he paid appellant $2.50 for the whisky; that ten or twelve minutes after appellant delivered the whisky to him an officer appeared on the scene and took possession of the whisky; that the officer took him and Ukie Williams to town with him. Ukie Williams testified that he saw appellant deliver the whisky to Raymond Manning. The sheriff testified that he went to the home of Ukie Williams and found the half gallon of whisky in the possession of Raymond Manning. He said that appellant was present at the time.

Appellant did not testify in his own behalf. He introduced the witness Foster, who testified that Raymond Manning told him after the examining trial of appellant that appellant was not the man who sold him the whisky. A second witness for appellant testified that he rode with appellant to the town of Greenville, and that there was no whisky in the automobile.

After appellant had offered proof to the effect that state's witness Manning had stated that appellant was not the man who sold him the whisky, the sheriff testified that Manning told him at the time he took possession of the whisky at Ukie Williams' place that appellant had sold it to him. Ukie Williams gave testimony to the same effect.

Bill of exception No. 1 relates to the refusal of the court to grant appellant's application for a continuance. Appellant stated in his motion that his request was a first application. In his qualification to the bill of exception the trial court states that when the case was called for trial on October 26, 1931, a postponement was granted on appellant's application; that on November 4, 1931, the case was again called for trial and a postponement ordered, when appellant presented his application for a continuance; that when the case was again called for trial on November 16, 1931, appellant presented the present application for a continuance, which the court treated as a subsequent application; that the application was overruled on the ground, among others, that it did not meet the requirements of the statute. It was alleged in the application that appellant's wife would testify, if present, that she was with appellant on the occasion of the alleged sale, and that appellant did not sell any whisky to the state's witness. She would further testify, according to the averments in the application, that she rode with her husband in his automobile to Ukie Williams' place, and knew that he carried no whisky with him.

The opinion is expressed that the court was warranted in denying the continuance.

Under the facts stated, the request for a continuance constituted a subsequent application. Brannan v. State, 108 Texas Crim. Rep., 418, 1 S. W. (2d) 279; Griffith v. State, 62 Texas Crim. Rep., 642, 138 S. W., 1016; Coffey v. State, 82 Texas Crim. Rep., 57, 198 S. W., 326; Jeffers v. State, 104 Texas Crim. Rep., 199, 283 S. W., 785; Ferguson v. State, 101 Texas Crim. Rep., 670, 276 S. W., 919; Williams v. State, 102 Texas Crim. Rep., 559, 278 S. W., 1103; Mullin v. State, 114 Texas Crim. Rep., 225, 24 S. W. (2d) 423. The court had theretofore overruled an application for a continuance by appellant and postponed the case approximately two weeks.

With reference to absent testimony in subsequent applications for a continuance, it is incumbent upon the appellant to state that the defendant had reasonable expectation of procuring the same at the next term of the court. Subdivision 2, article 544, C. C. P.; Beckwith v. State, 104 Texas Crim. Rep., 467, 284 S. W., 546; Johnson v. State, 114 Texas Crim. Rep., 638, 26 S. W. (2d) 256. The application under consideration does not so state. Hence it is fatally defective. Beckwith v. State, supra; Johnson v. State, supra; Reynolds v. State, 116 Texas Crim. Rep., 193, 32 S. W. (2d) 454. A subsequent application for a

continuance must conform strictly to the statute, nothing being presumed in its favor. Beckwith v. State, supra; Johnson v. State, supra.

The application being fatally defective in the respect pointed out, formed no basis for a complaint in the motion for a new trial on account of the denial of the continuance in the first instance. Brannan v. State, supra; Johnson v. State, supra; Wheeler v. State, 118 Texas Crim. Rep., 358, 42 S. W. (2d) 69.

Bills of exception 2 and 3 relate to the same matter, and will be treated together. In qualifying these bills of exception, the court refers to the statement of facts. While the state's witness, Raymond Manning, was being cross-examined by counsel for appellant, he was asked: "I will ask if about two weeks after they had this examining trial in which you said you testified that you had bought this liquor from Mr. Williams, if you didn' meet two men down here on Washington street or near the Washington Hotel on St. Johns street, and if they didn't ask you if you were the fellow that had turned in Gordon Williams, and that if you didn't say yes you were the man that turned him in, and if they didn't point him out to you and ask if that was the man you turned in and you said that wasn't the man but he was the man you told the sheriff you got the liquor from and that you had sworn to that in the examining trial and you could not go back on it?" The witness answered in the negative. On redirect-examination the district attorney elicited from Manning the fact that he stated to the sheriff within ten or twelve minutes after he bought the whisky that appellant had sold the whisky to him. Manning testified that he pointed out appellant to the sheriff and said: "There is the fellow in the car we got the whisky from." A witness for appellant testified that Manning stated to him after the examining trial that he did not buy the whisky from appellant. The sheriff testified that at the time he discovered the whisky in Manning's possession he (Manning) told him he bought it from appellant. Appellant objected to Manning's statement to the effect that he told the sheriff that he bought the whisky from appellant, and also objected to the sheriff's testimony to the effect that Manning stated to him that he bought the whisky from appellant. In qualifying the bills of exception, the court states that he considered the testimony as being res gestae, and, further, that appellant had gone into the matter in the first instance. The question presented by the bills of exception might be considered in another light. Appellant attempted to impeach the witness by showing that he had made statements out of court with reference to the transaction different from and contradictory to his testimony delivered on the trial. Hence it was not error to permit the state to support the witness by showing that shortly after the transaction, and before any motive or inducement existed to fabricate, he made statements in the matter similar to his testimony delivered on the trial. Branch's Annotated Penal Code, sec. 181; Kipper v. State, 45 Texas Crim. Rep., 386, 77 S. W.,

611. It may be added that it appears in that part of the statement of facts referred to in the qualification that appellant asked the witness what was done and said at the time the sheriff took possession of the whisky.

Bill of exception No. 5 presents the following occurrence: While the sheriff was testifying on cross-examination, he was asked by appellant's counsel if he had ever raided Ukie Williams' place for "choc." The witness replied in the affirmative. Upon objection by the state, the court instructed the jury not to consider the answer. It appears from the bill of exception that the raid was made in 1924, approximately seven years before the alleged sale of whisky involved in the present case. We are unable to perceive the relevancy or materiality of such testimony. See Logan v. State, 119 Texas Crim. Rep., 268, 45 S. W. (2d) 625.

Bill of exception No. 6 recites that while the sheriff was testifying on cross-examination he was asked the following question: "You have never arrested or served the defendant with a copy of the indictment since it has been returned, have you?" The state objected on the ground that the question was irrelevant and immaterial. The objection being sustained, appellant stated that he expected to prove that appellant was never arrested after the indictment was returned and never furnished a copy of the indictment. The court qualifies the bill of exception with the statement that appellant was at liberty on his examining court bond at the time he was indicted, and never thereafter in jail. It appears from the bill that appellant was not in custody after the indictment had been returned. Appellant made no request in the beginning of the trial that he be furnished a copy of the indictment. Being at liberty under bond from the date the examining trial was held, up until the day of his conviction, it was incumbent upon appellant to request that he be served with a copy of the indictment. Article 489, C. C. P.; O'Mary v. State, 116 Texas Crim. Rep., 628, 32 S. W. (2d) 473. In any event, we are unable to perceive how appellant could have been entitled, under the present record, to have the jury advised that he had not been furnished a copy of the indictment. If appellant had requested the court in the beginning of the trial to have the clerk furnish him a copy of the indictment and the record showed a refusal to comply with such request, a different question would be presented.

Bill of exception No. 8 consists mostly of questions and answers. It contains objections to numerous questions and the ruling of the trial court thereon. It is not clear that it is not multifarious. However, we have reviewed the matter brought forward in the bill. If we comprehend the bill of exception, a witness who traveled with appellant to the town of Greenville, where the whisky was alleged to have been sold, was asked if he saw any whisky in the automobile on the trip. He answered in the negative. He was further asked if anyone put any whisky in the car at his house. He answered this question in the negative. The bill recites that appellant asked the witness if there had been any whisky in the car

if he would have seen the whisky; and, further, if there was any place in a Chervolet coach where whisky could be hidden. The bill is insufficient in failing to show what the answer of the witness would have been to the questions last mentioned. The court qualifies the bill of exception with the statement that the witness had testified that he was not familiar with the makeup of a Chevrolet coach. It appears that the car driven by appellant was a Chevrolet coach. We think the bill of exception shows that the witness was permitted to testify, in effect, that there was no whisky in the automobile of appellant. We quote from the testimony of the witness found on page 16 of the statement of facts as follows: "I nor anyone else put any liquor in the car when we left home. We left in the car from my home. I did not find any whisky or see any whisky in the car when I left there and never saw any whisky in the car at all. On that occasion we were riding in a Chevrolet coach, a five passenger car. I am not so much familiar with the makeup of a Chevrolet coach."

An examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have carefully read the motion for rehearing in connection with the record, and regard the conclusion stated in the original opinion as sound. We are of the opinion that further discussion of the matter is unnecessary.

The motion for rehearing is overruled.

*Overruled.*