# APRIL 1, 1936

### NUBB BENNETT V. THE STATE.

No. 17941.   Delivered February 19, 1936.
Rehearing Denied April 1, 1936.

The opinion states the case.

*J. R. Anderson,* of Center, and *Sam Lane,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, two years in the penitentiary.

Appellant and the man at whom the State claims he shot were both negroes. Appellant had been living for a good many years with a woman by whom he had a child. The State claims that sometime before this trouble appellant met the injured party and asked him if he was going with said woman, and when the injured party said he was not,—appellant said to him "If I thought you was I would kill you." The uncontroverted testimony further shows that not long after the above conversation Clifford Etheridge, the injured party, referred to hereinafter as E, was at the home of said woman at night. He left the house accompanied by the two children of said woman for the purpose of going after a bucket of water. He testified that he had gone only a little ways when appellant appeared and fired a pistol at him. He said he caught up the smaller one of the two children and held her between him and appellant as a sort of protection, and that appellant then said "I will kill you," and shot again. Witness then fell down, and when he got up started running away, and said that appellant shot at him again. This witness is corroborated by other witnesses as to the identity of appellant as the assailant.

The defense was an alibi, appellant introducing two or three witnesses who testified that he was at another and different place on the night of the alleged shooting. Before entering upon a discussion of the issues, we observe that we might for good reason decline to consider the so-called statement of facts appearing in this record which,—instead of being a "Narrative statement of the facts" as is required by Art. 760, C. C. P., which relates only to a narrative statement of the testimony of the witnesses,—is in fact a narrative statement of apparently all that took place in the court room during

the trial of the case; the thread of the testimony being broken on many pages of said so-called statement of facts by lengthy statements of objections made by one side and then the other, and the arguments offered on such objections, and the remarks of the court to counsel, and lengthy questions asked and the objections made by counsel to such questions so as that not only has this court been compelled at much trouble and effort to seek out and pick up and piece together the testimony, but the statement of facts is necessarily and greatly lengthened and enlarged, all to the confusion of the issues and of this court, and expense to the State. We feel impelled to call the attention of the trial court to the condition of this statement of facts and express the hope that this condition will not prevail again.

The facts in evidence, as we understand them, are deemed sufficient to justify the jury in finding the accused guilty.

There are three bills of exception. Bill No. 1 complains of the refusal of a continuance. It was the second application, the case having been postponed, on appellant's request, at a prior term. See Griffith v. State, 62 Texas Crim. Rep., 642; Coffey v. State, 82 Texas Crim. Rep., 57. The bill is qualified at length, and without setting out the qualification, or discussing at length the merits of the bill, we are of opinion that no error was committed in the overruling of the application. The ground of the application was the absence of the woman with whom appellant had been living. It was set up that she would testify that shortly before the shooting the injured party, in her presence, tried to induce other witnesses, who were also present, to say that this appellant did the shooting. We think the trial court justified in his findings and conclusions stated in the qualification, that the woman was not kept away by illness of a sufficient character to justify a continuance of the case, and we are also of opinion that the court would be justified in concluding that the testimony of the woman would not be as set up in the application, or that if she had given such testimony it would not have been believed by the jury. On the hearing of the motion for new trial the State introduced a number of witnesses who had conversed with the woman, and she had told them without exception a state of facts contrary to that attributed to her in the application for continuance. Not only so, but when the other eye-witnesses to the difficulty were on the stand, both for the State and the defendant, they were not asked by defense counsel as to the truth of the state-

ments attributed to the injured party in the application for continuance.

Appellant's bill of exceptions No. 2 complains of the admission of the statement of the injured party as a witness that appellant had told him before the difficulty that if he went with the woman he would kill him. We think same admissible.

Appellant briefs at some length his complaint of the refusal of the court to submit to the jury the law of aggravated assault. There is no controversy over the proposition that whoever shot at E shot at him with a pistol, and shot three times, The testimony is sufficient to justify the proposition that appellant had threatened E and told him if he should go with the woman he would kill him. The testimony shows that he was at the woman's house on the night of the shooting. We see nothing in the testimony calling for a submission of the issue of aggravated assault.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant again urges that the trial court should have charged on aggravated assault. This has made it necessary to review the facts. After having done so we remain of opinion that an instruction on aggravated assault was not called for. Appellant defended on the ground of an alibi. State's witnesses positively identified him as the party who, they say, fired three shots from a pistol at Etheridge. The only ground upon which appellant predicates a claim that the issue of aggravated assault was raised by the evidence is that none of the shots hit the mark. Bad marksmanship does not raise an issue of lack of intent to kill.

The motion for rehearing is overruled.

*Overruled.*

MORROW, P. J., absent.