## J. W. FIELDER v. THE STATE.

No. 1735.    Decided February 1, 1899.

1. **Act of Legislature—Constitutionality—Construction.**

A liberal construction will be indulged in order to support the constitutionality of an act of the Legislature.

2. **Same—Amendment—Caption: "Subject of Act"—Judicial District.**

Where the caption of a legislative act was "To amend section 42 of article 22 of the Revised Civil Statutes, and provide for the reorganization of the Forty-second Judicial District, and to fix the time of holding court therein;" Held, that adding a county to the district, though said county is not named in the caption, is a subject germane to the caption, and the caption embraces the subject matter of adding said county to said district.

3. **Same—Repealing Sections of an Act.**

It is within the power of the Legislature to repeal a definite portion of a section or article in an act without the re-enactment of the section or article, omitting the part repealed, and, by an amendment of one section or article, take a county from one judicial district and place it in another district, and thereby repeal so much of the subdivision of an act as had previously embraced said county in the other district. Article 3, section 36, of the Constitution applies only to the amendment of statutes and not to the repeal of statutes.

4. **Burglary—Plea of Former Conviction.**

On a trial for burglary, a plea of former conviction for theft committed in the same burglary is not a bar to the prosecution for the burglary.

5. **Burglary—Evidence—Systematic Crime.**

On a trial for burglary, evidence of other crimes committed within a few hours of each other is admissible where they are a part of the res gestae of the transaction, or serve to identify and connect defendant with the burglary, or where they appear to have been part of a system embracing the offense charged.

6. **Confession—Finding Fruits of the Crime.**

Evidence of a confession is admissible, though the defendant was in arrest and unwarned when it was made, if by means of the confession fruits of the crime were found which conduced to establish the guilt of defendant of the crime charged.

7. **Evidence—Reputation of a Codefendant.**

On a trial for burglary, where it is made to appear that if defendant's coconfederate was guilty there could be no question as to his own guilt, evidence offered by defendant of the bad reputation of his codefendant for honesty and integrity is wholly inadmissible.

APPEAL from the District Court of Jones.    Tried below before Hon. T. H. CONNER.

Appeal from a conviction for burglary; penalty, two years imprisonment in the penitentiary.

Defendant made both a motion to quash the indictment and a motion in arrest of the judgment, both of which motions were predicated,

in effect, upon the proposition that there was no valid law which authorized the holding of a term of the District Court for Jones County in October, 1898, at which term the indictment was found, thereby attacking the constitutionality of the Act of the Twenty-fifth Legislature, page 50, which changed the times for holding courts in the Forty-second Judicial District, and amended Revised Statutes, article 22, section 2, by adding Jones County to said district,—Jones County having theretofore belonged to the Thirty-ninth Judicial District.

Defendant also pleaded former conviction for the theft involved in this same burglary.

*C. H. Steele* and *Dan M. Jones*, for appellant.—By reason of article 22, section 39, of the Revised Statutes of 1895, Jones County was a part of the Thirty-ninth Judicial District of the State of Texas, and the terms of the District Court in said county began the first Mondays in February and August and continued five weeks, and the Act of April 3, 1897 (Acts of Twenty-fifth Legislature, page 50), amendatory of article 22, section 42, of the Revised Statutes of 1895, in so far as said act attempted to change the terms of the District Court of Jones County, is in derogation of article 3, section 35, of the Constitution of the State of Texas, and void, because the subject of the District Court of Jones County, or of the Thirty-ninth Judicial District, was not expressed in the title of said act.   Giddings v. City of San Antonio, 47 Texas, 548; Peck v. City of San Antonio, 51 Texas, 490; City of San Antonio v. Gould, 34 Texas, 49; Gunter v. Texas Land Mort. Co., 17 S. W. Rep., 840.

The court erred. in admitting in evidence, over the objection of defendant, the testimony of witnesses J. W. Davis, Lige Davis, Roscoe Orr, W. C. Medford, H. C. Hale, W. S. Swan, Charlie Frye, and R. F. Pool, showing the commission of other offenses than the one charged in the indictment herein, at different times and places, as is shown by defendant's bill of exceptions number 3, and in overruling defendant's motion for a new trial, as is shown by defendant's bill of exceptions number 9.   (1) Because the facts so testified to by said witnesses were not shown to have been a part of the transaction charged against the defendant in the indictment herein; (2) because said facts were not shown to have been a part of the res gestae of the offense charged in the indictment herein; (3) because it was not shown that a conspiracy was entered into between defendant and others to commit the offense charged herein and the offenses so testified to by said witnesses; (4) because said testimony of said witnesses does not tend to prove any fact material to establish the charge in the indictment herein, but was calculated to materially prejudice the jury and injure the rights of the defendant.

Evidence of the commission of other crimes than the one charged in the indictment is not admissible against a defendant unless they be shown to have been a part of the transaction charged in the indictment,

or a part of the res gestae of the offense charged in the indictment. Williams v. State, 6 S. W. Rep., 318; Ivey v. State, 43 Texas, 425; Musgrave v. State, 11 S. W. Rep., 927; Warren v. State, 29 Texas, 370.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years, and he appeals.

Appellant made a motion to quash the indictment, on the ground that same was found in Jones County, at a time when a term of court was not authorized to be held in Jones County. The position assumed by appellant raises the question as to the constitutionality of the Act of the Twenty-fifth Legislature taking Jones County out of the Thirty-ninth Judicial District, and adding it to the Forty-second Judicial District. Formerly Jones County was a part of the Thirty-ninth Judicial District, and terms of court were authorized to be held in said county "on the first Mondays in February and August, and may continue in session for five weeks." See Rev. Civ. Stats., title 4, art. 22, subdiv. 39. The Twenty-fifth Legislature passed an act from which we quote as follows (caption): "An act to amend section 42 of article 22 of the Revised Civil Statutes of the State of Texas, adopted and approved May 5, 1895, providing for the reorganization of the Forty-second Judicial District, and to fix the time of holding court therein." Section 2 of said act was amended so as to add Jones County to said Forty-second district, and the terms of court for said Jones County, as therein provided, were as follows: "In the county of Jones on the eighth Monday after the first Monday in February, and the tenth Monday after the first Monday in August, and may continue in session two weeks." Section 4 repeals all laws and parts of laws in conflict with the act. See Acts 25th Leg., p. 50. The term of court at which the indictment was found and trial occurred was under the last above mentioned act. Appellant insists that the caption of said act does not embrace the subject of taking Jones County out of the Thirty-ninth Judicial District, and adding it to the Forty-second Judicial District, and so is violative of section 35 of article 3 of the Constitution of the State of Texas. He further contends that said act is violative of section 36 of article 3 of the Constitution, which provides that "no law shall be revived or amended by reference to its title; but in such case the act revived or the section or sections amended, shall be re-enacted and published at length." He insists in this connection that in order to have properly taken Jones County out of the Thirty-ninth and placed it in the Forty-second Judicial District, subdivision 39 of article 22 of title 4 of the Revised Civil Statutes should have been re-enacted, leaving Jones County out of the said Thirty-ninth Judicial District. While these provisions of our Constitution are, no doubt, mandatory on the Legislature in the enactment of laws (Cooley, Const. Lim., pp. 97, 180; Dwarr. St., pp. 63, 65), yet

the general rule is that a liberal construction will be indulged, in order to support the constitutionality of an act of the Legislature. In Cattle Company v. State, 68 Texas, 526, said section 35 of the Constitution, as altered from "object," in the former Constitution, to "subject," in the Constitution of 1876, is discussed; and it is there held that the word "subject" is more latitudinous than the word "object," as contained in the previous Constitution. The caption here is "to amend section 42 of article 22 of the Revised Civil Statutes," and "provide for the reorganization of the Forty-second Judicial District, and to fix the time of holding court therein." While this caption does not name Jones County as added to the Forty-second Judicial District, yet it does suggest that said district is to be amended. Adding Jones County to said district is an amendment, and is germane to the suggestion in the caption. We hold that said caption embraced the subject matter of adding Jones County to the Forty-second Judicial District.

With reference to the second objection,—that Jones County was not taken from the Thirty-ninth Judicial District in a constitutional manner,—we have to say that the provision in question does not inhibit repealing statutes, but simply controls the amendment of existing statutes. See Chambers v. State, 25 Texas, 307; State v. Geiger, 65 Mo., 306; Van Riper v. Parsons, 40 N. J. Law, 123; Jones v. Davis, 6 Neb., 33; People v. Wright, 70 Ill., 388; Bush v. City of Indianapolis (Ind. Sup.), 22 N. E. Rep., 422. In Chambers v. State, above cited, Judge Roberts held that a separate act which repealed the proviso of another act, without re-enacting that other act, was constitutional; and in that connection he used this language: "It is within the power of the Legislature to repeal a definite portion of a section or article in an act without the re-enactment of the section or article, omitting the part repealed,"—citing Commercial Bank v. Markham, 3 Louisiana Annual, 698. Now, this was what was done by the Legislature here; that is, by the Act of the Twenty-fifth Legislature, they took Jones County out of the Thirty-ninth Judicial District, and placed it in the Forty-second Judicial District, and in the act repealed all laws in conflict with said act. This was a repeal of so much of subdivision 39 of article 22 of title 4 of the Revised Civil Statutes as embraced Jones County. We therefore hold that the court did not err in overruling appellant's motion to quash the indictment.

Appellant filed a plea in bar. On motion by the State, the same was stricken out, and this action of the court is assigned as error. The prosecution here was for burglary. Appellant set up in bar of said prosecution his conviction for theft of a saddle. It appears this saddle was taken in the burglary; but this was not a bar to the prosecution for the burglary.

In the trial of the case, the State proved a burglary and theft from the house of J. M. Doty, eight miles east of the house of Davis, for the burglary of which appellant was on trial, and also proved the theft of a saddle, the property of one Pool, which was committed four miles

west or northwest from said Davis' house. The first of said offenses was committed in the daytime on the 7th of August, 1898, and the two latter on the night of said day. Appellant objected to this testimony, and reserved a bill of exceptions to same. The court appended to said bill an explanation as follows: "Approved with explanation, as will more fully appear from the statement of facts, that all of these offenses were committed along the line of travel by defendant and Berryhill to the place of their arrest, were within a few hours of each other, and were so nearly connected that the court thought the evidence admissible;" and the same was limited in the court's charge. From the record in this case, we think the action of the court correct. The testimony objected to was a part of the res gestae of the transaction charged against defendant, and served to identify appellant, and connect him with the offense for which he was on trial; and, moreover, it appears to have been a part of a system embracing the offense charged. Appellant and his companion, Berryhill, seem to have been riding through the country. They first burglarized Doty's premises, in the daytime, the family being absent. They then proceeded on their way westward, and about 12 o'clock at night burglarized the premises of Davis, and took a saddle from his barn. They then proceeded on their journey, and about four or five miles further on stole from the premises of one Pool a saddle. They still pursued their journey to Raynor, in Stonewall County, where they were arrested two or three days later, with property taken from each of said premises in their possession. We think the testimony was admissible.

The State introduced the sheriff of Jones County, and proved by him that defendant, while in jail, and without having been cautioned, told him where the old saddle ridden by him, and which had been discarded en route, could be found; that is, it could be found in the cotton patch west of Pool's. The sheriff subsequently went to the point indicated by appellant, and found said saddle as stated by him. We think this proof was admissible, because, by means of the statement of appellant, the saddle was found, and its finding was a fact which conduced to establish the guilt of appellant of the charge against him. The proof showed that appellant and his companion, Berryhill, stole two saddles on their route. Prior to the theft by them of said saddle, both of them were seen to be riding old saddles. When they were arrested, the said old saddles were not in their possession, and it was not known where they were. The finding of said saddle in the place suggested by appellant was a link in the chain of circumstances which connected him with the burglary for which he was on trial.

Appellant objected to the action of the court in refusing to allow him to prove that the reputation of Edgar Berryhill in the community in which he lived was bad for honesty and integrity. Why appellant wanted to make this proof is beyond our comprehension. If, under the circumstances of this case, it might have been possible for Berryhill to have been guilty, and appellant innocent, of the charge con-

tained in this indictment, then such proof might have been relevant on appellant's behalf in order to fasten the guilt upon Berryhill, and to exclude his own connection with the offense. But this is not the case. If Berryhill was guilty, there is no question as to the guilty connection of appellant; and the court did not err in rejecting this evidence.

Nor did the court err in refusing to give appellant's requested instruction on possession of recently stolen property. The court gave a full charge on circumstantial evidence, and a charge on principals, which was sufficient under the circumstances of this case. There being no error in the record, the judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge, absent.