## J. A. Bailey v. The State.

No. 8596.   Delivered Feb. 25, 1925.

Rehearing denied Oct. 7, 1925.

**1.—Violation Tick Eradication Law—Information—Motion to Quash.**

Where a motion to quash an information was not preserved by a bill of exception, nothing is presented to this court for review.

**2.—Same—Special Charges—When Not Considered.**

Where requested charges, are merely endorsed "refused," and no notation is shown as to when they were presented to the trial judge, nor that his refusal to give them was excepted to at the time, and are not brought forward by separate bill of exception, they cannot be considered on appeal.

**3.—Same—Continuance—Practice on Appeal.**

A motion for continuance, which has been refused in the trial court will not be reviewed on appeal unless brought forward by proper bill of exception.

**4.—Same—Charge of Court—In Misdemeanor Cases—Rule.**

In misdemeanor cases, it is the long settled rule, that an exception to the charge as given, is not sufficient. A special charge supplying or correcting the main charge in the matter complained of must be presented, and properly preserved by an exception. In the absence of a special charge so supplying the defects, an exception alone will not suffice.

ON REHEARING.

**5.—Same—Information—Motion to Quash—How Preserved.**

Where a motion to quash an information in the trial court is overruled, if the court so notes on the motion, and that his action was excepted to, the point raised will be considered on appeal, although it would be better practice to preserve the point by a proper bill of exception.

**6.—Same—Amendment of Statute—Construed.**

Since the decision of this court in the case of Munsey v. State 194 S. W. 954 was handed down, the tick eradication law has been amended, and it is not now necessary for the state to allege in the information that it "was known" to the owner that his cattle had been exposed to fever-carrying ticks.

Appeal from the County Court of Cherokee County.   Tried below before the Hon. J. J. Bolton, Judge.

Appeal from a conviction of violating the tick eradication law, penalty a fine of $25.00.

The opinion states the case.

*B. B. Perkins*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the county court of Cherokee county of a violation of the tick eradication law, and his punishment fixed at a fine of $25.00.

It appears from the allegations in the information that appellant was the owner and caretaker of the cattle located in quarantined territory, which had been theretofore inspected by the proper authorities, and that appellant thereafter received notice in writing from said authorities directing him to dip his cattle at the proper time and place, and that he unlawfully failed and refuse to dip, them as directed.

The overruling of appellant's motion to quash the information was not preserved by any bill of exceptions, and, therefore, can not be considered by us. Appellant asked four special charges each of which appears to have been refused by the learned trial judge. If any exception was taken to such refusal, it does not appear by any notation upon the special charges, nor is the complaint preserved by separate bill of exceptions. It is also true that the motion for a continuance, which was refused, is not before us because of the failure of the appellant to reserve his bill.

Appellant excepted to the main charge for the reason that the court did not tell the jury that he would not be guilty if he had arranged to have his cattle dipped on the date alleged in the information, and if the failure to dip said cattle was contrary to the instructions of the defendant. There is no bill of exceptions complaining of the refusal of the court to correct his charge in the matter so excepted to, there being no bill of exceptions taken presenting the proposition that there were facts before the court necessitating the giving of some such charge, we are not at liberty to consider the matter. The charge was also further objected to because it is stated to be the law and that the court should so instruct the jury to acquit if the defendant had made arrangements to have his cattle dipped on the date contained in his notification, and if the escape of the cattle from the parties endeavoring to dip them prevented such dipping. In order for this court to appraise the value of such exception, it would be necessary that there be a bill presented setting forth the facts making plain the need for such charge.

In addition to what we have just said, this being a misdemeanor case, the rule obtains that an exception to the charge in a given matter is not sufficent. We hold that it is the duty of the party on trial in a misdemeanor case to present to the court a special charge supplying or correcting the main charge in the matters except to; and in the absence of a special charge so supplying the defects, an exception alone will not suffice. The authorities are so numerous on these points that we do not deem it necessary to cite them.

Finding no error in the record, the judgment will be affirmed.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We said in our original opinion that no bill of exceptions was reserved to the overruling of the motion to quash the information. There was no regular bill of exceptions complaining of this matter, but we have concluded that the notation on the motion to quash, made by the trial judge, was sufficient to constitute it a bill of exceptions. Considering the motion,—we observe that the tick eradication law had been amended since Munsey v. State, 194 S. W., Rep. 954, was handed down and it was not necessary at the time of this prosecution to allege that it "was known" to the owner that his cattle had been exposed to favor carrying ticks. The motion to quash was properly overruled.

We considered the exception taken to the main charge of the court because of its omission to submit a certain theory, but we called attention to the fact that by no appropriate bill of exceptions was it made to appear here, that there were facts in evidence calling for a charge based on said theory. One who by exception complains of an omission in the court's charge, must substantiate by some approval of the court below, the proposition that facts were before the court calling for the incorporation in the charge of the omitted theory.

One who presents special charges which are by the trial court simply marked "refused," is in no position to ask any benefit from such refusal. The four special charges appearing in this record were by the trial court marked "refused." There appears nothing to show when said charges were presented to the trial court, whether at the conclusion of the evidence or at some other time; nor that the court's refusal of said charges was not acceptable to appellant. Neither by bill of exceptions nor by notation on any of said charges is the court's action relative thereto brought before us for review. The affirmance was correct.

The motion for rehearing is overruled.

*Overruled.*