O. L. Hubbard v. The State.

No. 10946.          Delivered June 15, 1927.

Rehearing denied November 2, 1927.

1.—Barratry—Indictment—Motion to Quash—Practice in Trial Court.

A motion to quash the indictment in the trial court must be brought forward by bill of exception, or the order overruling the motion must appear of record and must be authenticated by the signature of the trial judge.

ON REHEARING.

2.—Same—Continued.

On rehearing, there being no apparent error in our original opinion, the motion for rehearing is overruled.

Appeal from the County Court at Law of Harris County. Tried below before the Hon. Ben F. Wilson, Judge.

Appeal from a conviction for barratry, penalty thirty days in the county jail.

The opinion states the case.

*Adams & Perkins* of Houston, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BETHEA, Judge.—The appellant was convicted of the offense of barratry, and his punishment assessed at thirty days in the county jail.

Appellant was jointly indicted with C. E. McVey, C. J. Ginn and E. K. Vollette, but was granted a severance. A jury having been waived, trial was had in the County Court at Law before the Hon. Ben F. Wilson.

There are in the record no bills of exception. We do find, however, "Defendant's Exceptions to Indictment," at the terminus of which appears the following notation: "Defendant O. L. Hubbard's Exceptions to Indictment, Overruled." The trial judge's signature of authentication does not appear in connection with this notation, and there are no exceptions bringing this matter forward for our review. We are therefore not authorized to consider same.

The questions raised in the motion to quash not relating to the substance of the indictment and not being properly presented to this court, there remains nothing further for our con-

sideration except the sufficiency of the evidence. We have carefully read the statement of facts, and find the evidence amply sufficient to sustain the verdict.

Finding no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The only matter urged by appellant in his motion is that certain counts in the indictment were duplicitous and that the trial court erred in not quashing the indictment. We find in the record a motion to quash, but no order of the court appears showing that it was acted on or that it was ever called to the court's attention. There does appear the notation mentioned in the original opinion, but it is not over the trial judge's signature and is in no other way authenticated by him. In such condition of the record this court cannot take cognizance of the matter.

Appellant's motion for rehearing is overruled.

*Overruled.*