BERT DELLINGER v. THE STATE.

No. 13042. Delivered February 26, 1930.
Rehearing denied May 28, 1930.
Reported in 28 S. W. (2d) 537.

The opinion states the case.

*Moore & Wilson* of Amarillo, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Appellant was convicted of the offense of assaulting Adolpho Esqubiel, in concert with two others, while he (appellant) and his companions were masked. The punishment was assessed at confinement in the penitentiary for twenty-five years.

Adolpho Esqubiel was in his home at night when appellant and two companions, with masks covering their faces, forcibly entered the room in which he, his wife and small children were asleep. Appellant shot at Esqubiel with a pistol and he and his companions beat him, dragged him from his family and carried him into the State of New Mexico, where they imprisoned him in the home of a Mexican. Responding to a summons by the grand jury, Esqubiel had, prior to the assault, testified that appellant had sold him intoxicating liquor. At the time of the assault an indictment was pending against appellant charging him with the offense of selling intoxicating liquor to Esqubiel. The purpose of the imprisonment of the injured party was to remove him from the jurisdiction of the court in order that he might not appear against appellant as a witness. All of the foregoing facts were uncontroverted.

Section 5 of Chapter 63 of the Acts of the Thirty-ninth Legislature, Regular Session, reads as follows:

"If any two or more persons acting in concert, or aiding and abetting each other, when either or all of whom are masked, or in disguise, shall assault or shall falsely imprison any other person, each of such persons so offending shall be guilty of a felony and upon conviction shall be punished by confinement in the penitentiary for any term of years not less than five. The terms 'masked' or 'in disguise' used in this article means that such person by artificial means has so changed or obscured his usual appearance as to render his identification impossible, or more difficult than it would have been if such mask or disguise had not been used."

It was under the foregoing provision that the indictment was drawn. It is appellant's contention that the statute above set out is inoperative as being in contravention of Section 35 of Art. 3 of the Constitution of Texas, his position being that the act contains more than one subject. He asserts that the controlling or dominant subject matter of the act is the regulation and prohibiting of secret masked societies and organizations, as indicated by the title, and that Section 5, under which the prosecution herein proceeded, has no legitimate relation to or connection with said subject. The caption of the act reads as follows:

"An act prohibiting the doing of acts hereinafter recited, to-wit: (a). Going into or near any public place masked or disguised, and defining public place. (b). Going masked or disguised into or near any private house, or who demand or seek entrance therein, or disturb the inhabitants thereof. (c). Going masked into a church or other place where people are assembled for religious purposes or services. (d). The acting in concert of two or more persons when masked or disguised, or the aiding or abetting by said persons of each other, and the assaulting, when so disguised by such persons of any other person, or the false imprisonment by such persons of any other person. (e). The parading of any secret society or organization or a part of the members thereof when masked or disguised upon or along any public road, or any street, or alley of any city or town of this state, and declaring equally guilty other members of such society who aid, abet or encourage such parading, and declaring them to be offenses; and defining and fixing penalties for violation of the provisions of this act, and declaring an emergency."

A liberal construction will be applied in determining whether or not a statute violates Section 35 of Art. 3 of our Constitution, and, where the provisions are germane in any degree, the law will be upheld. Mercer v. State, 13 S. W. (2d) 689; Davis v. State, 88 Tex. Cr. R. 183, 225 S. W. 532. The word "subject" is used in the same sense as the word "object" in former Constitutions. Fielder v. State, 40 Tex. Cr. R. 184, 49 S. W. 376. The word "object" under former Constitutions was construed by the courts to mean "end" or "purpose." Mercer v. State, supra, and authorities cited.

The object and purpose of the act is to prohibit the commission of the acts described therein while the offender is masked. Such object is fairly indicated by the title. The opinion is expressed that an application of the principles controlling renders untenable appellant's contention.

Appellant contends that Section 5 offends against the provisions of Art. 6 of our Penal Code, his position being that the mask or disguise is not described by any standard that is certain. The indictment alleges that appellant and his companions were masked and in disguise. In Anderson v. State, 21 S. W. (2d) 499, we upheld that part of Section 3 of the act which denounces as an offense the disturbance of the inhabitants of a private residence by a masked person, and said that the term "masked" has a well-defined and

commonly understood meaning. Giving effect to such holding, we are of the opinion that that part of the statute which denounces an assault or false imprisonment while the offenders are masked definitely and clearly defines an offense. It is unnecessary to express an opinion as to the validity of the remainder of the section. The indictment charges that the offense was committed by the parties while they were masked, and the proof supports the allegation.

The indictment charged that "Bert Dellinger, acting in concert with Oral Dellinger and Bill Cullender, and aiding and abetting each other when they the said Bert Dellinger, Oral Dellinger and Bill Cullender were masked and in disguise did then and there unlawfully assault and falsely imprison one Adolpho Esqubiel and did then and there strike and beat and shoot the said Adolpho Esqubiel with a pistol, and did wilfully detain the said Adolpho Esqubiel against his consent and without authority of law, and did then and there commit an assault upon the person of the said Adolpho Esqubiel and by said assault and by actual violence to the person of said Adolpho Esqubiel, and by threats, did wilfully detain and restrain the said Adolpho Esqubiel from removing from one place to another as the said Adolpho Esqubiel might see proper." In his motion to quash, appellant averred that the indictment was duplicitous, in that two offenses were joined in the same count.

A duplicitous indictment is not necessarily fundamentally defective. The accused may waive all right to complain of such defect. Melley v. State, 248 S. W. 367. An inspection of the indictment discloses that it is sufficient to charge an offense. We find no bill of exception in the record bringing forward complaint of the action of the trial court in overruling the motion to quash. In one part of the transcript we find the motion to quash. In another part is an order overruling the motion to quash. This order is not authenticated by the trial judge. There is no notation on the motion to quash over the signature of the trial judge that the motion was overruled and that appellant excepted. It is the rule that the overruling of a motion to quash the indictment is not reviewable unless preserved by a bill of exception, further than to determine whether the indictment charges an offense. Texas Jurisprudence, Vol. 4, p. 209; Stewart v. State, 299 S. W. 646; Hubbard v. State, 298 S. W. 893; Bailey v. State, 275 S. W. 1014; Parroccini v. State, 234 S. W. 671. The unauthenticated order overruling the motion is not a bill of exception. We quote from Branch's Annotated Penal Code of Texas, Section 207, as follows:

"A Bill of Exception should be made so full and certain in its statements as that, in and of itself, it will disclose all that is necessary to manifest the supposed error."

See Buchanan v. State, 298 S. W. 569.

Appellant contends that one of the masked parties was not sufficiently identified. The matter is immaterial. We quote from Wilkirson v. State, 107 Tex. Cr. R. 247, as follows:

"Appellant was charged with complicity in the burglary of a bank, it being alleged that other armed parties burglarized said bank and that appellant, while not present at the time and place of the burglary, had theretofore agreed with said parties to furnish arms and aid them in the commission of said offense. In his charge the learned trial judge told the jury that appellant would be guilty if they believed beyond a reasonable doubt that he agreed with all of said named parties or either of them to aid in committing said offense. Exception was reserved to the part of the charge wherein the court authorized the jury to find appellant guilty if he had agreed with either of said parties, it being insisted that the allegation in the indictment of an agreement with all, would not be supported by proof of an agreement with one or any number less than all of those parties alleged to be the burglars. We do not think the allegation that an agreement was entered into with all the alleged principals imposes upon the state the burden of proving that such agreement was in fact made with all, nor that all participated in the burglary. We are not of the opinion that the allegation referred to became descriptive of the offense of such character as to necessitate its proof."

See also Woodworth v. State, 20 Tex. Cr. App. 375.

Appellant and one of the parties with whom it is alleged he acted in assaulting the injured party were positively identified. Under the announcement of the decisions referred to, the allegation of the indictment was sufficiently supported.

The court was not in error in refusing to charge on circumstantial evidence. The evidence identifying appellant and one of his companions was direct. The statute makes it an offense for two or more persons to commit the acts denounced therein. Wilkirson v. State, supra.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

486

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The appellant presented a written motion to quash the indictment, charging that it was duplicitous. From the minutes of the court it appears that the motion to quash was presented and in the order the following recital is made:

"It is, therefore, ordered, adjudged and decreed by the Court that said motion of defendant to quash the indictment presented herein be, and the same is hereby in all things, overruled and denied; to which action and ruling of the Court on this motion to quash the indictment, defendant then and there in open court and before the announcement of any plea and before the trial of said cause on its merits objected to and excepted."

The minutes of the court containing the above order were signed by the trial judge. The procedure mentioned is deemed sufficient to present for review the sufficiency of the indictment against the attack made. The cases of Parroccini v. State, 234 S. W. 671; Bailey v. State, 275 S. W. 1014; Stewart v. State, 299 S. W. 646; Hubbard v. State, 298 S. W. 893, correctly ruled on the point at issue but are not deemed authority for holding that the sufficiency of the indictment in the present instance is not properly presented for review.

A synopsis of the facts in evidence is set forth in the original opinion. No testimony was introduced by the appellant. The evidence all comes from the State's witness. The appellant and two companions, in the nighttime, wearing masks and armed with pistols, assaulted the injured party by shooting at him, striking him and finally seizing him and putting him into an automobile in which he was taken to another state where, after several days, he was permitted to go to a city in New Mexico. The transaction was continuous. There was no cessation in the assault from the moment it began until that of its termination. The blows that were inflicted upon him and the seizure and detention of his person constituted an assault. "An illegal arrest is regarded in law as a continuous assault of an aggravated nature." See Alford v. State, 8 Tex. Cr. App. 545; Johnson v. State, 5 Tex. Cr. App. 47; Brown v. State, 87 Tex. Cr. R. 262; Earles v. State, 94 S. W. 464; Burkhardt v. State, 83 Tex. Cr. R. 228; Satterwhite v. State, 112 Tex. Cr. R. 574. The

assault being continuous, whether in any sense the indictment can be regarded as duplicitous is open to serious question. The charging part of the indictment is quoted in the original opinion. In this state, just what language will characterize an indictment as duplicitous has been the subject of conflicting views as is illustrated in the case of Murdock v. State, 52 Tex. Cr. R. 262; also Crouch v. State, 87 Tex. Cr. R. 115; Viley v. State, 92 Tex. Cr. R. 395. In Murdock's case, supra, and others, an indictment for robbery embracing the two phases of the offense, namely, putting in fear with firearms or other deadly weapon, was duplicitous and of such a nature as rendered the conviction vulnerable though not attacked until after verdict. This position was abandoned in the later cases as noted in Crouch's case, supra. Assuming the duplicity of the present indictment, the question is presented as to the effect of the ruling of the court in refusing to quash the indictment when viewed in the light of the evidence and manner of trial and the precedents upon the subject. On that subject there has been some lack of harmony but all later rulings are in accord with the decision in Melley's case, 248 S. W. 367. Mr. Bishop in his New Cr. Proc., 2nd Ed., Vol. 1, sec. 442, p. 361, characterizes duplicity as a privilege which the accused may waive and of which advantage must be taken before verdict. Such was the ruling in the Melley case, 93 Tex. Cr. R. 522. It is also said by Mr. Bishop:

"At the trial, the prosecutor may be put to his election on which charge to proceed."

In Vol. 2, secs. 1391 to 1395, Mr. Bishop says that the State may abandon part of a count if it is separable from the others in the indictment. Many precedents are cited in support of the text. The procedure sanctioned in Crouch's case, supra, and others following it, namely, without vitiating the indictment, the abandonment of that part of it which charged the use of a deadly weapon was sanctioned, are analogous. In the present case the court submitted but the offense of assault, thereby limiting the State to that offense for a conviction. The indictment, in the form in which it was written, was the means of bringing into the case no evidence that was not admissible under the averment charging an assault. Instances occur in which an indictment offends not only against the rule against duplicity but embraces a number of distinct felonies which, in their nature, did not depend upon the same act, are not necessarily coincident with reference to the time of their commission, and necessarily bring about a state of confusion out of harmony with the

statutory and constitutional provisions governing the substance of indictments, such as Todd v. State, 229 S. W. 515, in which the motion to quash was properly sustained. The indictment under consideration in that case obviously left the accused without information as against which of the several offenses embraced in the indictment he would be called upon to defend. Other cases of the same nature are Wood v. State, 47 Tex. Cr. R. 543; Scales v. State, 46 Tex. Cr. R. 297. Such, however, is not the effect of the present indictment. By the indictment the accused was informed of the transaction for which he was called upon to answer. The most that can be urged against the indictment in the present instance is that by the averments therein there was nominally carved two offenses out of a single act or transaction, a fault (if it be a fault) which was corrected by the abandonment of that part of the indictment which charged the alleged offense of imprisonment; and in the charge restricting the State's right to a conviction to that part of the indictment alone which charged an assault. If there was error in refusing to quash the indictment (which is not conceded), it was made harmless by the forced election to rely upon the charge of assault.

The motion is overruled.

*Overruled.*