### CURRIE W. CALDWELL V. THE STATE.

No. 16831. Delivered June 29, 1934.
Rehearing Denied (Without Written Opinion) October 24, 1934.
Reported in 75 S. W. (2d) 259.

The opinion states the case.

*W. D. Justice* and *R. H. Sigler,* both of Athens, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Appellant was convicted of assaulting Robert Cerf in concert with three others, while two of his (appellant's) companions were masked. The punishment was assessed at confinement in the penitentiary for ten years.

The trial was had in Ellis County on a change of venue from Navarro County. The opinion on the former appeal is found reported in 56 S. W. (2d) at page 883. The testimony is not materially variant from that set forth in the opinion on the former appeal. Hence we refer to the opinion mentioned for a statement of the evidence.

Appellant's motion to quash the indictment was predicated in part upon the contention that sec. 5 of chap. 63 of the Acts 39th Legislature, Regular Session (Vernon's Ann. P. C., art. 454e), is unconstitutional, in that the mask mentioned in the act is not described by any standard that is certain. The same contention was made and overruled on the former appeal. Dellinger v. State, 115 Tex. Crim. Rep., 480, 28 S. W. (2d) 537, was cited in supported of our conclusion. We deem it unnecessary to discuss the question further.

It is urged that the ground in the motion to quash that

the indictment was duplicitous should have been sustained. The charge submitted only an assault while masked. It was for that offense that appellant was found guilty by the verdict of the jury. The judgment and sentence followed the verdict. The matter presented here was decided adversely to appellant's contention in the case of Dellinger v. State, supra, to which reference is made for a discussion of the question.

Appellant filed a third application for a continuance. He omitted from the application the averment required by the statute that he had reasonable expectation of procuring the attendance of the absent witnesses at the next term of court. Subdivision 2 of article 544, C. C. P. A subsequent application for a continuance is fatally defective if it is not stated therein that the accused has reasonable expectation of procuring the absent witness or witnesses at the next term of the court. Williams v. State, 49 S. W. (2d) 772.

Bill of exception No. 2 relates to appellant's exceptions to the failure of the trial court to give certain requested charges. The first of these charges would have advised the jury to acquit appellant if they had a reasonable doubt as to whether Robert Cerf, the party alleged to have been assaulted, acted with appellant as a principal, or as an accomplice. The second charge directed an acquittal if the jury believed Cerf was a principal. The third charge defined the term "accomplice" as applied to witnesses, and embraced an instruction to the effect that if the jury believed Cerf to be a principal or an accomplice, his testimony had to be corroborated. The court instructed the jury to acquit appellant if they entertained a reasonable doubt as to whether the witness Cerf agreed for the assault to be committed upon him. We think the instruction given by the court was more favorable than appellant was entitled to. We are unable to reach the conclusion that the testimony raised the issue appellant sought to have submitted to the jury in the requested charges.

Our disposition of the foregoing bill of exception makes it unnecessary to discuss bills of exception 3 and 4.

Bill of exception No. 5 shows that appellant presented to the court a requested instruction to the effect that unless the jury believed beyond a reasonable doubt that appellant made the confession introduced in evidence freely and voluntarily, without compulsion or persuasion, it should not be considered for any purpose. It is observed that in paragraph 7 of the charge the court gave a correct and adequate instruction on the question of the voluntary character of the confession.

It is shown in bill of exception No. 7 that appellant objected to the court submitting to the jury a requested charge prepared by counsel for the State. In this charge the court gave the jury the statutory definition of an assault, and advised the jury that the injury intended may be either bodily pain, constraint, a sense of shame, or other disagreeable emotion of the mind. Appellant objected to the charge on the ground that it was a repetition of paragraph 4 of the court's main charge. Further, appellant excepted to the charge on the ground that it warranted a conviction for false imprisonment while masked, whether or not the jury found there was an assault. If it should be conceded that that part of the charge advising the jury that the injury intended may be either bodily pain, constraint, a sense of shame, or other disagreeable emotion of the mind, was inappropriate, we are unable to reach the conclusion that appellant's rights could have been in any manner prejudiced by giving the charge. The proof showed that an assault was made with a pistol. The court submitted only the issue as to whether the assault was made while masked. We find nothing in the instruction presented at the request of the state which was calculated to lead the jury to believe that they might convict for a false imprisonment while masked. Under the express provisions of article 666, C. C. P., we are not permitted to reverse cases for errors in the charge unless such errors were calculated to injure the rights of the accused, or unless it appears from the record that he has not had a fair and impartial trial. Deeming the matter harmless error, if error at all, we are constrained to overrule appellant's contention.

It is recited in bill of exception No. 8 that one of counsel for the State propounded to four different witnesses the following question: "Where is Jimmie Nash at now?" The court sustained appellant's objection to the question and it was not answered. Jimmie Nash was one of the parties alleged in the indictment to have acted with appellant and others in committing the assault. There appears to be nothing in the question which could have conveyed to the jury the information that Jimmie Nash had been convicted and sent to the penitentiary. Conceding that it would have been improper to prove that Nash had been convicted, we are not able to bring ourselves to the view that the question propounded gave the jury the information appellant contends it did.

A careful examination of all of appellant's contentions leads

us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.