**PHILLIPS et al. v. DANIEL et al.**

No. 8479.

Court of Civil Appeals of Texas. Austin.

May 6, 1936.

Rehearing Denied June 3, 1936.

1194

Yelderman & Yelderman, of Austin, and E. A. Camp, of Rockdale, for appellants.

Wm. McCraw, Atty. Gen., and W. W. Heath, Asst. Atty. Gen., for appellees.

BLAIR, Justice.

This litigation arose out of the following agreed facts:

Appellant Phillips-Luckey Burial Association is a voluntary unincorporated association organized for the purpose of paying not to exceed $150 of the burial expenses of its members under a mutual assessment plan. It was organized in April, 1933, with its office and place of business at Rockdale, Tex. Appellant E. B. Phillips is president and P. E. Luckey is secretary-treasurer of the association, which has adopted written by-laws and regulations with respect to all of its activities, and which govern and control the admission of members and the relation of the association to them. Written application for membership on the form prescribed is required, and when an applicant is accepted, a written certificate is issued, evidencing such membership and defining the obligation of the association to the member. The members pay dues and assessments when and if needed to pay benefits on account of deceased members, and the association pays certain sums of money contingent upon the class to which the deceased member belonged not to exceed in any instance $150; and contingent upon the deceased member having paid all dues and assessments, and upon cessation of life of the member while in good standing in accordance with the by-laws and regulations of the association. The association confines its membership to the white race and to those residing within a radius of fifty miles of its office and place of business.

On May 13, 1935, the association had some 7,000 members in good standing, and since that date has continued to solicit and accept new members and has continued to operate its business as it has since its organization. On the date mentioned what is known as House Bill 373, c. 264, Acts 44th Leg., p. 651 (Vernon's Ann. Civ.St. art. 4859f, §§ 6, 6a, 6b), became effective and section 2a (Vernon's Ann.Civ.St. art. 4859f, § 6b) reads, as follows:

"It shall be the duty of the Commissioner to require any corporation, person, firm, association, local mutual aid association or any local association, company or organization, to have a certificate of authority before being authorized to carry on any insurance business in this State. If, in any event, any such company, person, firm, association, corporation, local aid association or local organization is writing any form of insurance whatsoever without a permit, or certificate of authority issued by the Department of Insurance of Texas, it shall be the duty of the Commissioner to make known said

fact to the Attorney General of the State of Texas, who is hereby required to institute proceedings in the District Court of Travis County to restrain such corporation, person, firm, association, company, local aid association or organization from writing any insurance of any kind or character without a permit."

Upon and after May 13, 1935, the effective date of said act, the life insurance commissioner informed appellant association that it would be required to obtain a certificate of authority or permit to carry on any insurance business after May 13, 1935. About May 20, 1935, the attorney for appellant association called at the office of the department of insurance and inquired as to the manner, method, or procedure for obtaining such a certificate or permit and was informed by R. L. Daniel, life insurance commissioner, that he regarded appellant association as carrying on its insurance business after May 13, 1935, in violation of the act; and that while the act did not provide the method of obtaining such a certificate or permit, the Legislature had theretofore provided at least seven methods whereby the life insurance business could be carried on; and that in order to comply with said section 2a of H. B. 373, appellant association must do one of the following things;

"1. Organize a capital stock life insurance company;

"2. Procure by purchase or otherwise one of the charters qualified under House Bill 303 of the 43rd Legislature [see Vernon's Ann.Civ.St. art. 4859f];

"3. Procure some insurance company to take over and assume the liability on its certificates;

"4. Be licensed as a local mutual aid association under the terms of Chapter 9a, of Title 78 of the Revised Civil Statutes [Vernon's Ann.Civ.St. art. 4875a-1 et seq.];

"5. Organize a legal reserve mutual insurance company under the terms of Chapter 7, Title 78, Revised Civil Statutes of Texas [article 4800 et seq.];

"6. Procure by purchase or otherwise one of those charters qualified under Chapter 6, Title 78, Revised Civil Statutes [article 4784 et seq.]."

The commissioner did not threaten to interfere with any contracts of appellant association entered into prior to the effective date of said act, but demanded that appellant association reorganize itself so as to bring its business done after the effective date of the act under one or the other character of insurance association or company, as above stated, and threatened to proceed against it if it did not comply with such demands; and accordingly certified appellant association's acts and conduct to the Attorney General, with instruction to proceed against it as directed by said act.

Whereupon appellants instituted this proceeding against appellees, the board of insurance commissioners, its members, and the Attorney General, seeking to enjoin them from interfering with the operation of such mutual insurance association and from requiring it to obtain a certificate of authority or permit to carry on its insurance business, alleging that said section 2a of House Bill 373 was and is unconstitutional because of several grounds asserted; and, in the alternative, that if said act is valid, then appellant association being exempt under section 29, c. 274, Acts 41st Leg., p. 563 (article 4875a-29, Vernon's Annotated Civil Statutes), from all other insurance laws, was and is entitled to a certificate of authority or permit to carry on its mutual aid insurance business upon showing its exempt status, and that the department of insurance should be required to grant such certificate or permit.

Appellees answered and by way of cross-action pleaded the terms of House Bill 373, and placed the same construction on section 2a of said act as had been placed upon it by the life insurance commissioner and the board of insurance commissioners.

A trial to the court without a jury resulted in judgment perpetually enjoining appellant association from contracting any new certificates or making assessments upon or paying any certificates issued by it subsequent to May 13, 1935, unless and until the association secured a certificate of authority or permit to carry on an insurance business as required by the life insurance commissioner and the board of insurance commissioners under their interpretation of said section 2a of the act; hence this appeal.

 We have reached the conclusion that the trial court should have sustained or tried the case in accordance with the alternative plea of appellants, that is, as applied to the facts of this case, by the enactment of said section 2a of the act the Legislature intended to require all local mutual aid associations not theretofore required to have a certificate of authority or permit

to carry on such insurance business, and exempt under section 29 of chapter 274, Acts 41st Leg., p. 563 (article 4875a-29, Vernon's Annotated Civil Statutes), from all other insurance laws, to thereafter obtain such a certificate or permit, it being the purpose and intention of the Legislature to require all such associations to make known to the life insurance commissioner and the board of insurance commissioners their exempt status, so that the department of insurance may know of their existence and determine whether in fact they are so exempt; and under this interpretation of section 2a of the act such a local mutual insurance association would be entitled to a certificate or permit upon showing its exempt status to the board or commissioner.

As preliminary, it may be observed that when all the statutes relating to the regulation of the life insurance business in this state are considered together, it will be found to have been the legislative policy to exempt certain classes of life insurance companies or organizations from the operation of the insurance laws applicable to other classes of life insurance companies or organizations. Fraternal benefit societies have been so exempted. Article 4820, as amended, and article 4823, R. S. 1925 (Vernon's Ann.Civ.St. arts. 4820, 4823); section 30, c. 274, Act 1929, p. 563 (article 4875a-30, Vernon's Annotated Civil Statutes). Article 4859, R.S.1925, repealed by chapter 274, Acts 1929, p. 563, created another class of exceptions, which included "mutual relief or benefit, or burial associations, operating upon the assessment plan" within a limited territory. The act of 1929, however, added a new chapter (9a) to the insurance laws, which related to local mutual aid associations and regulated "the business of local mutual aid associations operating for the purpose of providing benefit for members and death benefit for the beneficiaries." Article 4875a-1, Vernon's Annotated Civil Statutes. Section 29 of the said 1929 act (article 4875a-29, Vernon's Annotated Civil Statutes) reads as follows:

"The provisions of this Act shall not apply to labor unions, domestic orders or associations which do not provide a death benefit of more than one hundred and fifty ($150.00) dollars, nor to the associations which are now described in Article 4857 Revised Statutes 1925 nor any society or association if any, heretofore legally operating state wide on an assessment basis under any charter heretofore granted under any valid statute of this State."

This was the status of the statutory insurance laws exempting from their operation mutual aid or benefit associations like appellant association at the time section 2a of House Bill 373, supra, was enacted; and prior to the enactment of said House Bill 373 insurance organizations like appellant association were not required to obtain a certificate or permit to carry on such life insurance business.

It is manifest that House Bill 373 had for its declared purpose the better regulation of the life insurance business and particularly state-wide mutual assessment life insurance companies. To accomplish this purpose the act provided additional methods of examination of such state-wide companies; and as a further means of accomplishing such purpose, the act required "any corporation, person, firm, association, local mutual aid association, or any local association, company or organization, to have a certificate of authority before being authorized to carry on any insurance business in this State." Vernon's Ann.Civ.St. art. 4859f, § 6b. This certificate or permit was required so that the insurance authorities might know the existence of such local aid associations and determine whether in fact they were confining their operations to the character of business which gave them exemption from the operation of the laws applicable to the state-wide mutual assessment companies. This evident purpose runs through the entire act. It was expressed in the caption, the body, and particularly in the emergency clause, wherein the Legislature declared, "The fact that the present law does not provide * * * for the proper examination of all such organizations, and it is not practical to perform such work and examine all of such organizations under the present law, and the Department is prevented from examining certain organizations, * * * create an emergency," etc. Acts 1935, c. 264, § 3. Thus it is manifest that the purpose and intention of the Legislature in enacting House Bill 373 was to require all such local mutual associations operating under the assessment plan to apply for a certificate or permit, and thus make known their exempt status so that the insurance authorities might know of their existence and determine whether they were in fact exempt, or whether in fact they were operating as local mutual aid associations or as state-wide assessment companies.

■ Nor is there any provision in House Bill 373 which in any manner indicated an

intention on the part of the Legislature to require associations like appellant association to change its character of business; nor is there any provision in said act which attempted in any manner to repeal the statute (article 4875a-29, Vernon's Annotated Civil Statutes) exempting appellant from the operation of the insurance laws applicable to other classes of insurance companies or organizations. But, as above pointed out, said House Bill 373 merely required, among other regulatory matters, that associations like appellant association be required to obtain a certificate of authority or permit to carry on the same character of insurance business it was engaged in on the effective date of the act. And while the act did not prescribe the form of application, nor of the certificate or permit, still the board of insurance commissioners is given regulatory power by the statutes of this state over the life insurance business, and the board may in accordance therewith prescribe such forms for application and the certificate or permit as are reasonably necessary to effectuate the purpose of the act.

Appellants took the position that House Bill 373 was void under the interpretation given it by the insurance board and upon several grounds. These questions become immaterial under our above interpretation of the act. However, one constitutional question does remain for consideration.

Appellants contend that the act is violative of article 3, section 35, of the Constitution of Texas, which provides that no bill shall contain more than one subject. House Bill 373 has only one subject, that is, the better regulation of the life insurance business in Texas. It merely provides that several different things be done by several classes of insurance companies or organizations in order that their existence and status may be ascertained, for the purpose of better enforcing existing statutory regulations applicable to some of them. The law is settled that under the constitutional provision referred to any number of provisions may be contained in the same bill or act, however diverse they may be; the only requirement being that they are consistent with the general object or subject, and have a mutual relation and connection, directly or indirectly, with the general subject or object of the act or bill. Tadlock v. Eccles, 20 Tex. 782, 73 Am.Dec. 213; State v. Parker, 61 Tex. 265; Dellinger v. State, 115

Tex.Cr.R. 480, 28 S.W.(2d) 537; National Live Stock Ins. Co. v. Gomillion (Tex.Civ. App.) 178 S.W. 1050; Altgelt v. Gutseit (Tex.Civ.App.) 187 S.W. 220; McPherson v. Camden Fire Ins. Co. (Tex.Com.App.) 222 S.W. 211; Id. (Tex.Civ.App.) 185 S. W. 1055.

The judgment of the trial court will be reversed and the cause remanded in accordance with this opinion.

Reversed and remanded.