The STATE of Texas, Appellant,

v.

MEMORIAL BENEVOLENT SOCIETY OF TEXAS, Appellee.

No. 11242.

Court of Civil Appeals of Texas.

Austin.

Nov. 25, 1964.

Rehearing Denied Dec. 16, 1964.

Waggoner Carr, Atty. Gen., Howard W. Mays, R. E. Richards, Asst. Attys. Gen., Austin, for appellant.

J. B. Sallas, Crockett, for appellee.

PHILLIPS, Justice.

This action was brought by the State in quo warranto to forfeit, cancel, revoke and annul the charter of the Memorial Benevolent Society of Texas, for the appointment of a receiver and for an injunction to restrain the Society, its officers, agents, employees and servants from engaging in the business of insurance without a certificate of authority from the State Board of Insurance.

The State alleged in its original petition that the Society through its officers, agents, employees, servants and representatives was engaged in the business of insurance as a local mutual aid association as defined in Chapter 12 of the Texas Insurance Code, V.A.T.S.

After requesting, and being granted leave to file a petition in quo warranto, the State filed its original petition and was granted a temporary restraining order without notice. The Liquidator for the State Board of Insurance was appointed temporary receiver.

After a hearing was had before the trial court on the State's application for a temporary injunction and for continuation of the receivership, the court entered an order denying the State's application for a temporary injunction and vacating the temporary receivership order. In that order the court held that:

"* * * The defendant is not now and has never engaged in acts, or activities such as to constitute doing an insurance business and that the defendant has not engaged in the business of insurance as a Local Mutual Aid Association as defined in Title 12, Texas Insurance Code, and that the defendant has never engaged in such business; it is also the finding of the Court that the plaintiff is not entitled to the character of relief sought and prayed for in its petition and other pleadings."

Thus the State, the appellant here, is before this Court on a single point of error to the effect that the trial court erred in holding that the Society was not engaged in an insurance business as a matter of law, and therefore abused its discretion in refusing to grant appellant's application for a temporary injunction.

The facts of this case are not in dispute. The Memorial Benevolent Society of Texas, as a non-profit corporation, was chartered in 1961, maintains an office for business and has a secretary who looks after the books and records and performs whatever other secretarial services necessary to the furtherance of the business.

As stated in the Society's original answer, the membership is wholly voluntary and according to the printed form entitled "Funeral Instructions", upon the death of a member in good standing the Society will pay a stipulated sum for burial expenses, or expenses of the last illness of the deceased member. The Society has a radio program every Sunday morning at which time it solicits memberships. Upon joining the Society, should death occur within three months, a $300 benefit will be paid and thereafter a $600 death benefit will be paid as long as all obligations are paid and the member is in good standing. The membership obligation involves a $2 contribu-

tion for each member who dies, not to exceed ten per calendar year, a $1.00 renewal fee each year and an initial membership fee ranging from $11 to $36.

Whenever a member dies a "dun" card is sent to the membership notifying them of an assessment and containing the following statement:

"According to your obligations and to keep your certificate in force with the Memorial Benevolent Society of Texas, please submit your donation for the amount of $_____ for the benefit of member _____ within 30 days from this date."

The Chief Accountant for the Liquidation Division of the State Board of Insurance testified that after an audit of the financial records of the Society, it was determined that it had $7,631.21 in liabilities and $481.79 in assets which amounted to a deficit of $7,149.42. There is some question as to the exact amount of appellee's deficit. However there is no question but there is a sizeable deficit over and above its assets.

It is our opinion that the trial court was in error in his application of the law to the undisputed facts and that we must reverse his judgment.

Local Mutual Aid Associations are regulated by Chapter 12, Texas Insurance Code, Article 12.01, V.C.S., which states the following:

" * * * and shall comprehend and include all societies and associations of any sort operating an insurance business and paying such benefits where funds are provided by assessments * * *"

The Society, although chartered as a non-profit corporation calling its assessments "donations", is engaging in the business of insurance without a Certificate of Authority issued by the State Board of Insurance.

The case is very similar to Farmer v. State, 69 Tex. 561, 7 S.W. 220, where the court allowed the State to forfeit corporate franchises of the "Masonic Mutual Benevolent Association of Texas" because it was acting as an insurance company without having incorporated in accordance with the insurance laws of the State. The court spoke as follows:

" * * * The benefits received are not gratuitous. They are due to the member on account of the money he pays into the society. It takes the risk of his continued existence and good health. If it be benevolent to pay one money under such circumstances, then every mutual life insurance company is acting in a benevolent manner toward the family of an insured member when it pays the policy it had issued thereon for a moneyed consideration. It matters not what name the association may assume. The law looks to the real objects of the body, and not to the name indicative of benevolence which it may have assumed."

The court in Farmer defined an insurance contract as follows:

"It is a contract by which one party, for a consideration, promises to make a certain payment of money upon the death of the other; and it is well settled that whatever may be the terms of the payment of the consideration by the assured, or the mode of estimating or securing payment of the insurance money, it is still a contract of insurance, no matter by what name it may be called."

See also American National Insurance Co. v. Brawner, Tex.Civ.App., 93 S.W.2d 450, error dism.

In Article 12.02 Texas Insurance Code we find the following:

"Any person or persons desiring to organize a local mutual aid association to be operated upon the assessment as needed or similar plan or a burial com-

pany, association or society as defined in Article 14.37, Chapter 14, of this code, shall be permitted to do so upon the terms and conditions hereinafter set forth and by complying with the provisions of this chapter. No person, firm or corporation shall hereafter operate in this State any sort of a local mutual aid society or association paying a death benefit or other benefits and providing its funds by assessments as needed, except under the provisions hereof, or under other specific provisions of the laws of this State."

This Court held that the Legislature was within its authority to regulate Local Mutual Aid Associations in Phillips et al. v. Daniel et al., Tex.Civ.App., 94 S.W.2d 1193, writ refused.

 Appellee maintains that it is a "charitable organization", however, it has in no way pointed out to this Court how it can accommodate itself to the provisions of the code for charitable or fraternal societies. Upon reference to these provisions (Art. 10.38; 10.01 et seq.), we find that they are not applicable here. The mere fact that appellee has made donations to certain cemeteries or churches found by the liquidator to be in the neighborhood of $300 will not in itself qualify it as a charitable organization. Nor are we impressed by the fact that neither a physical examination nor a statement regarding health is required. Such requirements are merely contractual and the fact that they are not present in this contract is of no significance.

Appellee Society maintains that the rule is well established in Texas that the granting or refusing of a temporary injunction is within the sound discretion of the trial court, and that the court's action will not be disturbed on appeal unless it clearly appears from the record that there has been an abuse of discretion. This proposition is sound, however, the proposition is equally sound that if the facts are undisputed and only questions of law are pre-

sented, it is an abuse of the trial court's discretion to fail properly to apply the law to the facts. See 31 Tex.Jur.2d Sec. 224, page 349 and the cases cited in note 1.

We reverse the judgment of the trial court and judgment is here rendered that the temporary injunction prayed for by the State be issued and that the temporary receivership be reinstated.

Reversed and rendered.