Harry Edward **HAMLIN**, Appellant,

v.

**The STATE of Texas**, Appellee.

No. 48673.

Court of Criminal Appeals of Texas.

June 19, 1974.

Thomas J. Purdom, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Layton Z. Woodell, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

**OPINION**

ROBERTS, Judge.

The appellant was convicted of the offense of sale of a dangerous drug, lysergic acid diethylamide. The jury assessed his punishment at ten years' imprisonment.

Appellant's trial was held on October 16–17, 1973. The offense was alleged to have occurred on December 2, 1972. By virtue of Section 6.01(a), Texas Controlled Substances Act,[1] the appellant was tried under the former provisions of Art. 726d, Vernon's Ann.P.C.

In his sole ground of error, appellant contends that he was improperly tried under the former provision of the Penal Code, which was effective only through Section 6.01(a), supra. Appellant urges that Section 6.01(a), supra, is unconstitutional and void for the reason that it is not properly mentioned in the caption of the Act, as required by Article III, Section 35, Texas Constitution.[2] It is urged that a reading of the caption of the Act could not reasonably apprise the members of the Legislature of the presence of Section 6.-01(a) (continuing Art. 726d in effect as to offenses committed prior to Aug. 27,

---

1. Acts 1973, 63rd Leg., Ch. 429, eff. Aug. 27, 1973. Section 6.01(a) states, in pertinent part:
   ". . . a criminal action for an offense committed before this Act's effective date is governed by the law existing before the effective date, which law is continued in effect for this purpose, as if this Act were not in force."

2. Art III, Sec. 35, provides:
   "No bill . . . shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

1973), nor disclose any expression of purpose which would support its presence.

 It is well-established that if the Act has but one general subject, fairly indicated by its title, and if its provisions are germane to this subject in any degree, the Act will be upheld. See Ex Parte White, 82 Tex.Cr.R. 85, 198 S.W. 583 (1916) and Dellinger v. State, 115 Tex.Cr.R. 480, 28 S.W.2d 537 (Tex.Crim.App.1930).

This Court has once before dealt with a contention similar to that urged by the appellant in the instant case. See Holland v. State, 124 Tex.Cr.R. 348, 61 S.W.2d 838 (1933). That case involved the amendment of Art. 1160, V.A.P.C., which occurred in 1931. See Acts 1931, 42nd Leg., p. 95, ch. 61. The amendment applied only prospectively and, because it purported to exclude from its operation those violations occurring prior to its effective date, the appellant urged that it violated Art. III, Section 35, supra.

The caption of the Act stated:

"An Act to amend Article 1160, Penal Code, 1925, relating to the offense of assault with intent to murder and adding to Chapter 4, Title 15, Penal Code of the State of Texas, Article 1160a, providing that upon the trial of one charged with the offense mentioned there shall be an instruction defining malice aforethought and in a proper case, murder without malice; fixing the penalty for assault with intent to murder without malice; repealing all laws in conflict herewith; and declaring an emergency."

Section 4 of the Act read:

"No offense committed prior to the taking effect of this Act of the Legislature shall be affected hereby, whether the indictment has been returned or not, but in every such case the offender may be proceeded against and punished under the law as it existed prior to the taking effect of this Act, the same as if this Act had not been passed."

After considering the caption of the Act and the provisions of Section 4 of the Act, the Court said:

"The confining of the operation of a given law to violations of same committed subsequent to the date of its passage, as well as the express exemption therefrom of those of prior date, would not be the bringing together in one bill subjects diverse in their nature . . ."

See Holland v. State, supra, 61 S.W.2d at p. 840.

 In view of the reasoning of Holland v. State, supra, and the cases there cited, we have concluded that Section 6.-01(a) of the Texas Controlled Substances Act, embraces a matter properly germane to the subject and purpose of the Act as announced in its caption. The Section is valid under Art. III, Section 35, of our Constitution.

The judgment is affirmed.