NYE, Chief Justice,
dissenting.
The majority’s opinion holds that the trial court committed error in refusing to quash the indictment because the indictment charged two separate offenses. Based on this holding, the conviction for aggravated sexual assault is reversed. I respectfully dissent because the error, if any, was harmless.
In reversing for joinder of two offenses in a single indictment, the majority relies on the construction of TEX. CODE CRIM. PROC. ANN. art. 21.24(a) given by Drake v. State, 686 S.W.2d 935, 943-44 (Tex.Crim.App.1985) and Ex parte Siller, 686 S.W.2d *575 617, 620 (Tex.Crim.App.1985). Those cases address the question of what circumstances will create reversible error when the State obtains multiple convictions from a single indictment. The instant case involves a single conviction, from the same transaction, since the State elected to proceed solely on the charge of aggravated sexual assault after the State’s case in chief and before appellant’s case in chief. Neither Drake nor any decision since has held that merely joining two offenses in the same indictment, arising out of the same transaction, is error.
Even if Drake’s treatment of article 21.-24(a) applies to this case, the trial court’s error in failing to quash the indictment is harmless. The majority opinion correctly points out that evidence of the robbery and of the entire criminal transaction would have come before the jury even if the indictment had alleged the aggravated sexual assault by itself. See Maddox v. State, 682 S.W.2d 563, 564 (Tex.Crim.App.1985); Gonzalez v. State, 688 S.W.2d 185, 188 (Tex.App.—Corpus Christi 1985, no pet.). I fail to see how putting this evidence in the indictment prejudices any substantial right of the appellant. Appellant has pointed out no such harm.
The majority’s reliance on Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.1985), is misplaced. Almanza requires “some harm,” but Almanza is not to be read as modifying the “harmless error” rule. Harm requiring reversal must still be shown to have prejudiced the rights of the accused, or at least facts must be shown from which the prejudice may be inferred. See Phenix v. State, 488 S.W.2d 759, 762 (Tex.Crim.App.1972); Fredericksen v. State, 155 Tex.Cr.R. 287, 234 S.W.2d 872, 874 (1950); Dellinger v. State, 28 S.W.2d 537, 540-41 (Tex.Crim.App.1930); Guerra v. State, 648 S.W.2d 715 (Tex.App.—Corpus Christi 1982, pet. ref’d). Cf. Hawkins v. State, 613 S.W.2d 720, 729-30 (Tex.Crim.App.1981); Clay v. State, 518 S.W.2d 550, 553-54 (Tex.Crim.App.1975).
Dellinger, 28 S.W.2d 537, is especially on point. Presiding Judge Morrow’s opinion on motion for rehearing held that the duplicitous indictment (one which charges more than one offense in the same count) involved did not constitute reversible error:
By the indictment the accused was informed of the transaction for which he was called upon to answer. The most that can be urged against the indictment in the present instance is that by the averments therein there was nominally carved two offenses out of a single act or transaction, a fault (if it be a fault) which was corrected by the abandonment of that part of the indictment which charged the alleged offense of imprisonment; and in the charge restricting the state’s right to a conviction to that part of the indictment alone which charged an assault. If there was error in refusing to quash the indictment (which is not conceded), it was made harmless by the forced election to rely upon the charge of assault.
Id. at 541. In the instant case, there was no “forced election,” and the separate offenses were alleged in separate counts, not in the same count. As in Dellinger, the offenses came from the same transaction, but the charge to the jury restricted the jury’s inquiry to the sexual assault offense alone. The Dellinger analysis clearly applies here.
I would affirm appellant’s conviction by the jury.